[Cite as *State v. Hiler*, 2015-Ohio-5200.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO.   CA2015-05-084 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>12/14/2015 |
| - vs - | : | |
| | : | |
| TESSA MARIE HILER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-09-1549


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

John T. Willard, P.O. Box 35, Hamilton, Ohio 45012, for defendant-appellant


**M. POWELL, P.J.**

{¶ 1}   Defendant-appellant, Tessa Marie Hiler, appeals from her conviction and sentence in the Butler County Court of Common Pleas for receiving stolen property.  For the reasons discussed below, we affirm the decision of the lower court.

{¶ 2}   On October 24, 2012, appellant was indicted on one count of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony, and one count of receiving stolen property in violation of R.C. 2913.51, a fifth-degree felony.  A summons was issued but never

served because appellant was incarcerated in Indiana for burglary. Thereafter, an arrest warrant and holder were issued to Indiana for appellant.

{¶ 3} On December 13, 2013, appellant sent a letter to the court requesting final disposition of her Butler County case pursuant to the Interstate Agreement on Detainers (IAD) due to her incarceration in Indiana. Appellant sent a second such letter to the court on February 18, 2014. These correspondence claimed enclosure of a certificate from an Indiana prison official regarding the terms of appellant's incarceration and to have been copied to the Butler County Prosecutor's Office. Nevertheless, the letters were not accompanied by a certificate, nor was there any indication they were actually sent to the prosecutor's office.

{¶ 4} No action was taken in appellant's Butler County case until October 23, 2014, when appellant's trial counsel filed a notice of appearance and a discovery demand. Appellant agreed to a continuance and was arraigned in December 2014, at which time appellant filed a general time waiver. Eventually, on March 11, 2015, pursuant to a plea agreement, appellant entered a plea of no contest to receiving stolen property. The court then sentenced appellant to six months in prison to run concurrently with her eight-year prison sentence in Indiana.

{¶ 5} Appellant now appeals and asserts three assignments of error for review. For ease of discussion, we will address appellant's first and third assignments of error together.

{¶ 6} Assignment of Error No. 1:

{¶ 7} IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE COURT NOT TO DISMISS THE CHARGES AGAINST APPELLANT BECAUSE OVER 180 DAYS LAPSED BETWEEN THE APPELLANT'S FIRST DEMAND FOR UNDER [SIC.] THE INTERSTATE AGREEMENT ON RETAINERS AND [WHEN] SHE WAS PRESENTED IN

BUTLER COUNTY FOR DISPOSITION. ALL CONTRARY TO R.C. 2963 ARTICLE THREE, WHICH REQUIRES THAT ONCE A DEMAND HAS BEEN MADE THE PERSON MUST BE DELIVERED TO THE APPROPRIATE AUTHORITIES WITHIN 180 DAYS OR THE CHARGES BE DISMISSED.

{¶ 8} Assignment of Error No. 3:

{¶ 9} THE CONVICTION AND SENTENCE IN THE INSTANT CASE WAS TAINTED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL OF THE TRIAL ATTORNEY IN THE INSTANT CASE.

{¶ 10} In her first assignment of error, appellant argues the trial court abused its discretion when it failed to dismiss the charges in her Butler County case because more than 180 days passed between her initial letter requesting a speedy trial and when she was actually presented in Butler County. In her third assignment of error, appellant argues her attorney was ineffective because he failed to seek dismissal of the charges based upon the time lapse between her speedy trial request and disposition.

{¶ 11} We first note appellant failed to raise the issue of timeliness below, and thus has forfeited all but plain error. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 16; Crim.R. 52(B). Plain error exists where there is an obvious deviation from a legal rule which affected the defendant's substantial rights, or influenced the outcome of the proceeding. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2001). As such, the defendant "is required to demonstrate a reasonable *probability* that the error resulted in prejudice - the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22.

{¶ 12} Specifically, to establish ineffective assistance of counsel, appellant must show her trial counsel's performance was both deficient and prejudicial. *Strickland v. Washington*,

466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989). With respect to deficiency, appellant must show her counsel's performance "fell below an objective standard of reasonableness." *Strickland* at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and as a result "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

{¶ 13} The IAD is a compact entered into by a majority of states and the United States that establishes procedures to resolve one state's outstanding charges against a person imprisoned in another state. *New York v. Hill*, 528 U.S. 110, 111, 120 S.Ct. 659 (2000). In Ohio, the IAD has been codified in R.C. 2963.30 et seq. The IAD's purpose is "to encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." R.C. 2963.30, Article I.

{¶ 14} Article III of the IAD outlines the procedure a prisoner follows in order to request disposition of charges filed against her in another state when a detainer has been filed. R.C. 2963.30, Article III. Specifically, R.C. 2963.30, Article III(a), states a prisoner "shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint[.]" Furthermore, R.C. 2963.30, Article III(a), states, "The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner * * *." Once a prisoner complies with the procedure, a trial must begin within 180 days. R.C. 2963.30, Article III(a).

Pursuant to R.C. 2963.30, Article III(b), the written notice referred to in R.C. 2963.30, Article III(a) "shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him * * *."

{¶ 15} While pursuant to R.C. 2963.30, Article IX, interpretation of the IAD should be liberally construed to effectuate its purposes, the IAD is a congressionally sanctioned interstate compact within the Compact Clause of the United States Constitution, and thus the IAD is a federal law subject to federal construction. *Hill* at 111. In *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1085 (1993), the United States Supreme Court held that "the 180-day time period in Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." *Fex* at 52.[1]

{¶ 16} In this instance, appellant sent two letters, one in December 2013 and the second in February 2014. Both letters were addressed to the "Butler County Municipal Court." Despite naming the incorrect court, the letters were in fact filed with the Butler County Common Pleas Court, the appropriate court. Nevertheless, there is no indication in the record, other than the reference in appellant's correspondence, that she provided the notice to the prosecutor's office. Based on the record, the prosecutor was never notified, and thus appellant did not comply with the IAD. As such, the 180-day time limitation imposed by the IAD was never triggered, and the trial court properly disposed of the charges. Consequently, based on the record before us, there was no plain error and appellant was not

---

1. Ohio appellate districts agree *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1085 (1993), requires notice to both the court and the prosecutor before the 180-day timeframe for the prisoner to be brought to trial begins. *See, e.g., State v. Owens*, 12th Dist. Clermont No. CA2001-09-074, 2002 WL 2005699 (Sept. 3, 2002). However, Ohio courts disagree as to whether notifying the appropriate official and attaching a certificate are necessary to comply with R.C. 2963.30, Article III, given the statute's liberal construction. *See State v. Moore*, 3d Dist. Union Nos. 14-14-06 thru 14-14-12, 2014-Ohio-4879, ¶ 16-29. Consequently, while there is no indication appellant contacted the appropriate official having custody of her and there was no certificate from such an official attached to her letters, our analysis and holding focus on the prosecutor's lack of notice.

prejudiced by counsel failing to raise the timing issue below. Appellant's first and third assignments of error are overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO GIVE THE APPELLANT CREDIT FOR ONLY 3 DAYS JAIL TIME. APPELLANT SHOULD HAVE BEEN GIVEN CREDIT FOR ALL THE TIME SHE WAS INCARCERATED ON AND AFTER DECEMBER 13, 2013.

{¶ 19} In her second assignment of error, appellant argues the court should have awarded her jail-time credit from December 13, 2103, the date the court was put on notice of her demand for a speedy trial, and April 13, 2015, the date of her sentencing.

{¶ 20} Once a defendant has completed a prison sentence, any alleged error relating to the calculation of jail-time credit becomes moot as there is no longer an existing case or controversy. *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5. Furthermore, "[a]s jail-time credit relates only to the *length* of a sentence and not the underlying conviction, no collateral disability results by applying the mootness doctrine to felony sentences." (Emphasis sic.) *State v. Barnes*, 12th Dist. Warren No. CA2015-01-005, 2015-Ohio-3523, ¶ 8.

{¶ 21} In this instance, regardless of whether appellant was awarded jail-time credit for the time she spent in prison from December 13, 2013, until the date of her sentence, appellant has now completed her six-month prison sentence imposed on April 13, 2015. As appellant has completed her prison sentence, there is no relief we can provide her relating to jail-time credit on appeal. Appellant's second assignment of error is moot.

{¶ 22} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.

- 6 -