[Cite as *State v. Racicot*, 2019-Ohio-1191.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-05-003 |
| | : | O P I N I O N |
| - vs - | | 4/1/2019 |
| | : | |
| FRANCIS E. RACICOT IV, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY MUNICIPAL COURT
Case No. TRC 1602049

Zachary A. Corbin, Brown County Prosecuting Attorney, Mary McMullen, 510 E. State Street, Suite 2, Georgetown, Ohio, 45121, for appellee

Thomas F. Grennan, P.O. Box 189, Georgetown, Ohio 45121, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Francis E. Racicot IV, appeals the Brown County Municipal Court's denial of his motion to dismiss the charges against him. For the reasons outlined below, we affirm.

{¶ 2} On May 31, 2016, Racicot was charged with operating a vehicle under the influence ("OVI"), failure to stop at a stop sign, and failure to have working tail and license

plate lights. A pretrial hearing was scheduled, but Racicot failed to appear. As a result of his absence, the trial court issued a bench warrant for his arrest.

{¶ 3} In October 2016, the trial court received a Detainer Action Letter from the U.S. Department of Justice, which indicated that Racicot was currently serving a 24-month federal prison sentence at the Federal Medical Center in Lexington, Kentucky. The letter requested the trial court advise the U.S. Department of Justice as to the status and disposition of Racicot's state court case. The trial court responded to the letter and indicated that it remained interested in pursuing Racicot and asked to be notified of his release date.

{¶ 4} In December 2016, while incarcerated in Kentucky, Racicot filed a Motion for First and Speedy Disposition Interstate Agreement on Detainers pursuant to the Interstate Agreement on Detainers Act ("IAD"). In his motion, Racicot requested the trial court bring him to trial for the charges in the Brown County Municipal Court within 180 days of the court's receipt of Racicot's motion. This motion was only filed with and served upon the Clerk of Brown County Municipal Court.

{¶ 5} Subsequently, in February 2017, Racicot filed a pro se motion to dismiss based upon his constitutional right to a speedy trial and the IAD. In his motion to dismiss, Racicot argued that although he had made a proper speedy trial and final disposition demand in his December 2016 motion, he had not been "hailed into court" and no trial had commenced. Racicot claimed that because more than 180 days had passed since the trial court's receipt of his December 2016 motion, he was entitled to a dismissal. Racicot's motion included a certificate of service indicating that he "mailed a true copy of this motion to dismiss to the Prosecuting Attorney[.]" However, Racicot failed to complete the certificate of service, as he did not include an address for the prosecutor's office. Ultimately, the trial court found that less than 180 days had elapsed since Racicot filed his December 2016 motion, and denied his motion to dismiss on those grounds.

{¶ 6}  In March 2017, Racicot refiled his pro se motion to dismiss.  The second motion was a duplicate of the motion filed in February 2017 and included the same incomplete certificate of service.  In support of his second motion, Racicot attached a handwritten letter. The letter stated that an attorney helped Racicot prepare the motions to dismiss and explained to him that the trial court was required to "come and get [Racicot] and have [him] in court" within 180 days from his December 2016 motion.  The letter further indicated that while the original motion to dismiss was received by the clerk, the prosecutor's copy was sent back to him "for some reason[.]"  The trial court never ruled upon Racicot's second motion to dismiss.

{¶ 7}  In December 2017, the trial court received a letter from the U.S. Department of Justice indicating that Racicot's tentative release date was in March 2018.  In response, the trial court issued an entry requiring Racicot's appearance pending his release from federal prison.

{¶ 8}  Prior to his appearance, Racicot obtained counsel and filed a third motion to dismiss.  In his third motion, Racicot argued that because of the state's delay in bringing him to trial, a violation of his speedy trial rights had occurred, and he was entitled to dismissal. After a hearing, the trial court denied Racicot's motion to dismiss.  In denying the motion, the court found that Racicot had neglected to notify the prosecutor's office of the motions and failed to file a certificate of the warden.  Therefore, the court concluded that Racicot had not complied with the statute, and the matter was to be set for trial.  Thereafter, Racicot pled no contest to the OVI charge.  Racicot was found guilty of OVI and the remaining charges were dismissed.

{¶ 9}  Racicot now appeals, raising the following assignment of error:

{¶ 10} THE COURT ERRED IN DISMISSING DEFENDANT'S MOTION AS THE STATE HAD ACTUAL NOTICE OF DEFENDANT'S MOTION.

{¶ 11} In his sole assignment of error, Racicot argues the trial court erred in denying his motion to dismiss the charges against him. Specifically, Racicot claims the state knew or should have known of his request for a final disposition of his Ohio charges, and therefore, violated the IAD by failing to bring him to trial within 180 days.

{¶ 12} We review a trial court's decision interpreting the IAD de novo. *State v. Anderson*, 189 Ohio App. 3d 697, 2010-Ohio-5068, ¶ 15 (12th Dist.). "The [IAD] * * * creates uniform procedures for lodging and executing a detainer, *i.e.*, a legal order that requires a State to hold a currently imprisoned individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." *State v. Thomas*, 12th Dist. Warren No. CA2012-10-096, 2013-Ohio-3411, ¶ 33. The IAD's purpose is "to encourage the expeditious and orderly disposition of outstanding charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." *State v. Hiler*, 12th Dist. Butler No. CA2015-05-084, 2015-Ohio-5200, ¶ 13. Ohio is one of 48 states that is a signatory to the IAD, along with the United States. *New York v. Hill*, 528 U.S. 110, 111, 120 S.Ct. 659 (2000). Ohio's involvement in the IAD is codified at R.C. 2963.30.

{¶ 13} Article III of the IAD outlines the procedure a prisoner follows in order to request disposition of charges filed against him in another state when a detainer has been filed. R.C. 2963.30, Article III. In relevant part, this provision states a prisoner "shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint[.]" R.C. 2963.30, Article III(a). This section further indicates "[t]he request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner[.]" *Id.* In addition, the written notice referred to in R.C. 2963.30, Article III(a) "shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him[.]" R.C.

2963.30, Article III(b).

**{¶ 14}** After a prisoner complies with the procedure, a trial must begin within 180 days. R.C. 2963.30, Article III(a). This court has held that the "180-day time period in Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." *Hiler* at ¶ 15, quoting *Fex v. Michigan*, 507 U.S. 43, 52, 113 S.Ct. 1085 (1993). As such, requests which fail to provide notice to the prosecutor's office do not trigger the 180-day time limitation imposed by the IAD. *Id.* at ¶ 16.

**{¶ 15}** After a review of the record, we find the trial court did not err in denying Racicot's motion to dismiss. In this instance, there is no evidence in the record indicating that Racicot successfully filed his request for final disposition with the prosecutor's office. Specifically, Racicot requested a final disposition of the charges against him by filing a Motion for First and Speedy Disposition Interstate Agreement on Detainers with the Brown County Municipal Court. Notably, that motion only identified the Clerk of Brown County Municipal Court on the certificate of service, and the state denies receiving notice of the motion from Racicot. The record also reflects that Racicot did not provide an address for service upon the prosecutor's office in either of his first two motions to dismiss, and he further admitted that one of his attempts at service was returned to him as undeliverable. Thus, although Racicot filed several motions with the trial court relating to his final disposition request, there is no evidence of any successful service upon the prosecutor.

**{¶ 16}** Additionally, we find that any indirect notice provided to the prosecutor's office as a result of the trial court's February 2017 entry denying his initial motion to dismiss is insufficient to satisfy the requirements of the IAD, which necessitates actual delivery of Racicot's request to the prosecutor's office. Specifically, Racicot argues that the prosecutor's office had indirect notice of his request because the trial court's entry referenced Racicot's

- 5 -

speedy trial request. However, we find that the trial court's reference alone is not indicative that Racicot's request for a final disposition was actually filed with or delivered to the prosecutor's office. As we stated above, there is no indication in the record that Racicot's request was actually delivered to the prosecutor's office as required to comply with the IAD. Consequently, based on the record before us, there is no indication that Racicot's request for final disposition was in compliance with the IAD's requirements.

{¶ 17} We note that the trial court incorrectly referenced R.C. 2941.401 in its journal entry denying Racicot's motion to dismiss. This provision applies when a prisoner is in custody in an Ohio facility and seeks to have untried charges resolved in Ohio. Because Racicot was in custody in a federal prison in Kentucky at the time he sought to resolve his untried charges in Ohio, we find only the IAD applies. However, the prisoner's burden to provide the prosecutor's office with notice of his request for a final disposition is the same under R.C. 2941.401 and the IAD. *State v. Harvey*, 8th Dist. Cuyahoga Nos. 98906, 98907, 98908, and 98909, 2013-Ohio-2332, ¶ 15-16. Therefore, the trial court's analysis under R.C. 2941.401 does not change the outcome of this case.

{¶ 18} As a result, the trial court did not err in denying Racicot's motion to dismiss and Racicot's assignment of error is overruled.

{¶ 19} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.