THE STATE EX REL. COMPTON, APPELLANT, *v.* SUTULA, JUDGE, APPELLEE.

[Cite as *State ex rel. Compton v. Sutula,* 132 Ohio St.3d 35, 2012-Ohio-1653.]

*Mandamus—Complaint seeking order compelling trial judge to issue new, appealable sentencing entry that complies with Crim.R. 32(C)—Writ denied— Requested order would not provide relief sought—Order to comply with Crim.R. 32(C) would not constitute final, appealable order from which new appeal may be taken.*

(No. 2011-2186—Submitted April 4, 2012—Decided April 17, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 97246.

_____

**Per Curiam.**

**{¶ 1}** Appellant, John Compton, filed a mandamus complaint in the court of appeals seeking to compel appellee, Judge John D. Sutula of the Cuyahoga County Court of Common Pleas, to rule on Compton's motions for jail-time credit. The writ was denied.

**{¶ 2}** By separate entry, the appellate court denied Compton's motion to amend his complaint to add a claim seeking to compel appellee to issue a final, appealable order in Compton's criminal case. In so ruling, the court rejected Compton's argument that the trial court's nunc pro tunc sentencing entry was defective under Crim.R. 32(C) and therefore not final and appealable, leaving him without a remedy. It is from this ruling that Compton appeals.

**{¶ 3}** The court of appeals did not abuse its discretion in denying Compton's motion because any order to comply with Crim.R. 32(C) to correct a clerical error in his original sentencing entry would not constitute a final, appealable order from which a new appeal may be taken. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph two of the syllabus.

**{¶ 4}** Moreover, Compton waived his claim that Judge Sutula could not rely on a nunc pro tunc order to rectify any error in his sentencing entry because he failed to raise the claim in the court of appeals. *See State ex rel. DeGroot v. Tilsley*, 128 Ohio St.3d 311, 2011-Ohio-231, 943 N.E.2d 1018, ¶ 9.

**{¶ 5}** Finally, Compton's claims concerning jail-time credit were rendered moot when he was released from prison. *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928, ¶ 6.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

John Compton, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____