[Cite as *State v. Barnes*, 2015-Ohio-3523.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-01-005 |
| | : | O P I N I O N |
| - vs - | | 8/31/2015 |
| | : | |
| KYLE BARNES, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 06 CR 23747

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Getty Law Office, L.L.C., Daniel F. Getty, 46 East Franklin Street, Centerville, Ohio 45459, for defendant-appellant

**PIPER, P.J.**

{¶ 1} Defendant-appellant, Kyle Barnes, appeals from a decision in the Warren County Court of Common Pleas denying his petition challenging the calculation of jail-time credit. For the reasons discussed below, we dismiss Barnes' appeal.

{¶ 2} Barnes was arrested on January 13, 2008, on an indictment in Warren County. Subsequent to his arrest in Warren County, Barnes was indicted in Butler County on several

charges. On September 2, 2008, Barnes pled guilty to one count of forgery and one count of attempted failure to comply with an order or signal of a police officer in Butler County Case Number CR2008-04-628 and was sentenced to nine months in prison.

{¶ 3} Four months later, on January 12, 2009, Barnes later pled guilty in Warren County to two counts of felonious assault and one count of improperly discharging a firearm at or into a habitation, all of which included five-year firearm specifications. Barnes was then sentenced to an aggregate seven-year prison term in his Warren County case. Specifically, Barnes was sentenced to two years for one count of felonious assault consecutive to the five-year firearm specification related to that count, two years for the second count of felonious assault consecutive to the five-year firearm specification related to that count, and two years for one count of improperly discharging a firearm at or into a habitation consecutive to the five-year firearm specification related to that count. The sentences for each offense were ordered to be served concurrently with each other and concurrently with the nine-month prison sentence Barnes was serving in the Butler County case. Additionally, the court awarded Barnes 234 days of jail-time credit.

{¶ 4} In December 2014, Barnes filed a "petition for injunctive relief," disputing the court's calculation of jail-time credit. The court denied Barnes' motion on December 17, 2014, and explained in its entry that Barnes only received jail-time credit from the time of his arrest up until the date of his sentencing in the Butler County case.

{¶ 5} Barnes timely appealed from this entry and raised the following assignment of error for review:

{¶ 6} THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO AWARD JAIL [-] TIME CREDIT FOR DAYS [BARNES] WAS DETAINED FOR CHARGES.

{¶ 7} In his sole assignment of error, Barnes argues the court should have awarded him additional jail-time credit for the time he spent incarcerated after he was sentenced in

Butler County. Specifically, Barnes argues that by failing to award him jail-time credit for the period of time between sentencing in Butler County and sentencing in this case, the court did not comply with certain statutory requirements and also violated principles of equal protection. We need not reach the merits of appellant's argument, however, because we find his assigned error to be moot.

{¶ 8} Once an offender has served his sentence and has been released from prison, any error relating to the calculation of his jail-time credit is moot as there is no existing case or controversy to resolve. *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5. As jail-time credit relates only to the *length* of a sentence and not the underlying conviction, no collateral disability results by applying the mootness doctrine to felony sentences. *State v. Swain*, 4th Dist. Washington No. 13CA16, 2015-Ohio-1137, ¶ 8; *State v. Feagin*, 6th Dist. Huron No. H-12-014, 2013-Ohio-1837, ¶ 4; *Sper v. Gansheimer*, 11th Dist. Ashtabula No. 2003-A-0124, 2004-Ohio-2443, ¶ 4. *See State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, ¶ 2. Furthermore, the exception to the mootness doctrine, when a claim is capable of repetition, yet evades review, does not apply to claims for jail-time credit because there is no reasonable expectation an offender will be subject to the same action again. *Gordon* at ¶ 6.

{¶ 9} In this instance, the Ohio Department of Rehabilitation and Correction's website reflects Barnes was released from prison on May 22, 2015.[1] The court's entry denying Barnes' motion also reflects May 22, 2015, as the expiration date of Barnes' prison term. Consequently, Barnes has already served his sentence and been released from prison, and there is no relief we can provide regarding Barnes' challenge to the calculation of jail-time

---

1. In accord with other Ohio appellate districts, we take judicial notice of the Ohio Department of Rehabilitation and Correction's website of the date Barnes was released from prison. *State v. Bennett*, 2d Dist. Greene No. 2014-CA-60, 2015-Ohio-2779, ¶ 5, fn. 1; *State v. Draper*, 3d Dist. Putnam No. 12-10-07, 2011-Ohio-773, ¶ 9, fn. 1.

credit.

{¶ 10} As there is no pending case or controversy before this court, Barnes' sole assignment of error is moot, and accordingly, must be dismissed. App.R. 12(A)(c); *State v. Stutler*, 12th Dist. Butler No. CA2014-06-133, 2015-Ohio-726, ¶ 8.

{¶ 11} Appeal dismissed.

S. POWELL and M. POWELL, JJ., concur.