[Cite as *State v. Rhymer*, 2018-Ohio-2669.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-01-014 |
| | : | O P I N I O N |
| - vs - | | 7/9/2018 |
| | : | |
| TROY D. RHYMER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-05-0807

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011, for plaintiff-appellee

Gieske Law Office, LLC, Krista M. Gieske, 810 Sycamore Street, 3rd Floor, Cincinnati, OH 45202, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Troy D. Rhymer, appeals the decision of the Butler County Court of Common Pleas calculating the days of jail-time credit he was entitled to receive after he admitted to violating his community control sanctions. For the reasons outlined below, we dismiss this appeal as moot.

{¶ 2} On June 17, 2015, the Butler County Grand Jury returned an indictment

charging Rhymer with single counts of improperly handling a firearm in a motor vehicle and criminal damaging or endangering. Approximately one month later, Rhymer pled guilty to improperly handling a firearm in a motor vehicle charge in exchange for dismissal of the criminal damaging or endangering charge. The trial court accepted Rhymer's guilty plea and thereafter sentenced Rhymer to a five-year community control term. It is undisputed that Rhymer had spent 93 days in jail prior to the trial court issuing its sentencing decision.

{¶ 3} On August 25, 2016, a notice was filed with the trial court alleging Rhymer had violated his community control sanctions by failing to report to the adult probation department as directed, by submitting a positive urine test, and by failing to pay court costs, supervision fees and restitution as ordered. Appearing before the trial court, Rhymer admitted to violating his community control sanctions as alleged. Accepting Rhymer's admission, the trial court continued Rhymer on community control with the additional requirement that he successfully complete the Community Correctional Center program and recommended aftercare.[1] It is undisputed that Rhymer completed the Community Correctional Center program and the recommended aftercare, which required Rhymer be committed to the Community Correctional Center for a period of 147 days. It is also undisputed that Rhymer spent 28 days in jail prior to being committed to the Community Correction Center.

{¶ 4} On December 13, 2017, a notice was filed with the trial court alleging Rhymer had again violated his community control sanctions by attempting to circumvent a drug screen by using another individual's urine as his own, by failing to comply with the terms of his payment agreement, and by failing to complete his required community service or obtain his GED. Appearing before the trial court, Rhymer again admitted to violating his

---

1. The Community Correctional Center is a community based correctional facility for adult male felony offenders referred by common pleas courts serving primarily Butler, Clermont, and Warren counties.

community control sanctions. However, instead of continuing Rhymer on community control, the trial court sentenced Rhymer to serve 180 days in prison with jail-time credit for 24 days served. In so holding, the trial court informed Rhymer he was only "going to get credit for the time he's been held in jail on this probation violation" and not for "his first probation violation and everything else."

{¶ 5} On January 19, 2018, approximately two weeks after the trial court issued its sentencing decision, Rhymer filed a notice of appeal. That same day, Rhymer also filed a "Motion for Appellate Bond" asking the trial court release him on bond during the pendency of his appeal. As part of this motion, Rhymer noted that there was an issue regarding the calculation of jail-time credit, and therefore, "[s]hould the Court deny his request for appellate bond, then Rhymer's appeal may be rendered moot because his sentence will expire prior to any decision by the Twelfth District Court of Appeals." The trial court summarily denied Rhymer's motion on January 25, 2018. After the trial court denied his motion, it is undisputed that Rhymer did not then request bail and suspension of his sentence pending appeal with this court as permitted by App.R. 8.

{¶ 6} On appeal, Rhymer raises the following single assignment of error for review.

{¶ 7} THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY CALCULATE THE CORRECT NUMBER OF DAYS OF JAIL TIME CREDIT TO WHICH RHYMER WAS ENTITLED AND IN FAILING TO INCORPORATE SAID DAYS INTO ITS SENTENCING ENTRY.

{¶ 8} In his single assignment of error, Rhymer argues the trial court erred by granting only 24 days of jail-time credit, without also giving him credit for the 147 days he was committed to the Community Correctional Center. "Time spent in a rehabilitation facility where one's ability to leave whenever he or she wishes is restricted may be confinement for the purposes of R.C. 2967.191." *State v. Osborne*, 5th Dist. Richland No. 2009CA0119,

- 3 -

2010-Ohio-4100, ¶ 14, citing *State v. Napier*, 93 Ohio St.3d 646, 2001-Ohio-1890. However, as noted by the Ohio Supreme Court, once an offender has completed his or her prison sentence, any alleged error relating to the calculation of jail-time credit becomes moot as there is no longer an existing case or controversy. *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5, citing *State ex rel. Gordon v. Murphy*, 112 Ohio St. 3d 329, 2006-Ohio-6572, ¶ 6; and *Crase v. Bradshaw*, 108 Ohio St.3d 212, 2006-Ohio-663, ¶ 5 ("appeal is moot because his sentence has now expired and he has been released from prison").

{¶ 9} In this case, the records from the Ohio Department of Rehabilitation and Correction indicate Rhymer was released from prison on June 6, 2018.[2] As a result, even assuming Rhymer was correct that the trial court erred by granting only 24 days of jail-time credit, because Rhymer has now completed his 180-day prison sentence, there is no relief that this court can provide to Rhymer on appeal. *See, e.g., State v. Hiler*, 12th Dist. Butler No. CA2015-05-084, 2015-Ohio-5200, ¶ 20-21 (assignment of error challenging the trial court's award of jail-time credit moot where appellant had since completed her six-month prison sentence); *State v. Jama*, 10th Dist. Franklin 17AP-569, 2018-Ohio-1274, ¶ 14-17 (appeal challenging trial court's award of jail-time credit rendered moot by "[appellant's] release from confinement on the expiration of her sentence"); *State v. Henderson*, 2d Dist. No. 27559, 2018-Ohio-608, ¶ 20 (appeal rendered moot where appellant had completed his two year prison sentence "and there is no available remedy in that case").

{¶ 10} In so holding, we note that "the issue of jail-time credit relates only to the length of the sentence and not the underlying conviction and, therefore, there is no collateral

---

2. As this court has done previously, we take judicial notice of the Ohio Department of Rehabilitation and Correction's website of the date Rhymer was released from prison. *See State v. Barnes*, 12th Dist. Warren No. CA2015-01-005, 2015-Ohio-3523, ¶ 9, fn. 1, citing *State v. Bennett*, 2d Dist. Greene No. 2014-CA-60, 2015-Ohio-2779, ¶ 5, fn. 1; and *State v. Draper*, 3d Dist. Putnam No. 12-10-07, 2011-Ohio-773, ¶ 9, fn. 1.

disability." *State v. McCormick*, 6th Dist. Wood Nos. WD-15-078 and WD-15-079, 2016-Ohio-8009, ¶ 9; *State v. Field*, 11th Dist. Geauga No. 2016-G-0066, 2016-Ohio-5885, ¶ 4. We further note that "the exception to the mootness doctrine, when a claim is capable of repetition, yet evades review, does not apply to claims for jail-time credit because there is no reasonable expectation an offender will be subject to the same action again." *State v. Barnes*, 12th Dist. Warren No. CA2015-01-005, 2015-Ohio-3523, ¶ 8, citing *Murphy*, 2006-Ohio-6572 at ¶ 6. "There is a means to challenge the jail-time credit issue even when there is insufficient time to seek a direct appeal. If a defendant seeks immediate release from prison because of an alleged error in the calculation of his jail-time credit, he may seek relief by filing a habeas corpus petition." *State v. Feagin*, 6th Dist. Huron No. H-12-014, 2013-Ohio-1837, ¶ 5, citing *State ex rel. Rudolph v. Horton*, 119 Ohio St.3d 350, 2008-Ohio-4476, ¶ 3.

{¶ 11} In light of the foregoing, even assuming Rhymer was correct that the trial court erred by granting only 24 days of jail-time credit, because there is no longer an existing case or controversy for this court to resolve on appeal as Rhymer has completed his 180-day prison sentence, Rhymer's single assignment of error is dismissed as moot.

{¶ 12} Appeal dismissed.

PIPER and M. POWELL, JJ., concur.