[Cite as *State v. Williams*, 2018-Ohio-3989.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                  :

       Plaintiff-Appellee,                  :

       - vs -                                        :

CHANDLER D. WILLIAMS,                    :

       Defendant-Appellant.              :

CASE NOS.  CA2018-01-012
               CA2018-01-013

O P I N I O N
10/1/2018


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2013-11-1866 and CR2014-11-1730


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1}  Defendant-appellant, Chandler D. Williams, appeals from judgments rendered in the Butler County Court of Common Pleas that revoked his community control and ordered him to serve concurrent 180-day prison terms.

{¶ 2}  In January 2014, appellant pled guilty in Case No. CR2013-11-1866 to one count of possession of heroin, a felony of the fourth degree.  He was sentenced to a five-year term of community control.

{¶ 3}   In April 2015, in Case No. CR2014-11-1730, appellant pled guilty to one count of attempted bribery, a felony of the fourth degree.  He was sentenced to a five-year term of community control.  Although appellant's attempted bribery conviction served as a violation of the terms of his community control in Case No. CR2013-11-1866, he was continued on community control.

{¶ 4}   In March 2016, a Notice of Alleged Violations was filed in both cases, asserting that appellant violated the terms of his community control when he was charged with an OVI offense in Butler County Area II Court and with tampering with evidence, possession of drugs, OVI, and driving while under suspension in Mason Municipal Court.  Appellant admitted to violating the terms of his community control.  In both Case Nos. CR2013-11-1866 and CR2014-11-1730, the court continued appellant's community control, but added as an additional sanction that he successfully complete a program at the Community Correctional Center and follow any recommended aftercare.

{¶ 5}   Thereafter, in December 2017, another Notice of Alleged Violations was filed in Case Nos. CR2013-11-1866 and CR2014-11-1730, alleging appellant again violated the terms of his community control when he was convicted of misdemeanor OVI in Clermont County Municipal Court.  Appellant admitted to the violation, and the court revoked appellant's community control in both cases.  On January 3, 2018, the court imposed concurrent 180-day prison terms in each case, giving appellant jail-time credit in Case No. CR2013-11-1866 for 21 days.  No jail-time credit was given in Case No. CR2014-11-1730.  Although the trial court did not mention court costs at the time of sentencing, the sentencing entries in both cases imposed court costs.

{¶ 6}   On January 19, 2018, approximately two weeks after the trial court issued its judgments revoking community control and imposing prison terms, appellant filed a notice of appeal.  That same day, appellant also filed a Motion for Appellate Bond asking the trial court

- 2 -

to release him on bond during the pendency of his appeal.  As part of this motion, appellant noted that there was an issue regarding the calculation of jail-time credit, and therefore, "[s]hould the Court deny his request for appellate bond, then [appellant's] appeal may be rendered moot because his sentence will expire prior to any decision by the Twelfth District Court of Appeals."  The trial court denied appellant's motion on January 25, 2018. Thereafter, on April 30, 2018, appellant filed a Motion for Stay of Execution in this court, seeking to stay his sentence while his appeal was pending.  On June 6, 2018, we granted appellant's motion, stating that "[a]ppellant's jail sentence is hereby STAYED for the duration of this appeal contingent upon appellant posting bond with the clerk of the Butler County Court of Common Pleas in the amount of $5,000.  Such bond shall be posted within ten (10) days of the date of this entry or on or before **June 18, 2018**."  *State v. Williams*, 12th Dist. Butler Nos. CA2018-01-012 and CA2018-01-013 (June 6, 2018) (Entry Granting Motion for Stay of Execution).  Appellant failed to post the $5,000 bond.

{¶ 7}  On appeal, appellant has raised two assignments of error for our review.

{¶ 8}  Assignment of Error No. 1:

{¶ 9}  THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 2, ART. 1 OF THE OHIO CONSTITUTION, AND OHIO REVISED CODE R.C. 2967.191, WHERE THE COURT FAILED TO GRANT FULL CONFINEMENT CREDIT AGAINST THE PRISON TERMS IMPOSED UPON APPELLANT.

{¶ 10}  In his first assignment of error, appellant argues the trial court erred by only awarding him 21 days of jail-time credit in Case No. CR2013-11-1866 and by failing to award him any jail-time credit in Case No. CR2014-11-1730.  Appellant contends he is "entitled to confinement credit of 318 days against the 180-day prison term that was imposed" for time he spent incarcerated prior to entering his guilty pleas in Case Nos. CR2013-11-1866 and

CR2014-11-1730 and for the time he was committed to the Community Correctional Center. Appellant asserts that the court violated certain statutory requirements and principles of equal protection by not awarding him the full amount of jail-time credit he is due. We do not reach the merits of appellant's arguments, however, as we find his first assignment of error to be moot.

{¶ 11} As the Ohio Supreme Court has noted, once an offender has completed his prison sentence, any alleged error relating to the calculation of jail-time credit becomes moot as there is no longer an existing case or controversy. *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5, citing *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, ¶ 6; and *Crase v. Bradshaw*, 108 Ohio St.3d 212, 2006-Ohio-663, ¶ 5 ("appeal is moot because his sentence has now expired and he has been released from prison").

{¶ 12} Appellant was sentenced on January 3, 2018, to concurrent 180-day prison terms. Although appellant's Motion for Appellate Bond was granted by this court, appellant failed to pay the bond and his sentence was not stayed. Taking into account the 21 days of jail-time credit awarded to appellant in Case No. CR2013-11-1866, appellant's sentence in that case expired on June 11, 2018. His sentence in Case No. CR2014-11-1730 expired on July 2, 2018. Further, records from the Ohio Department of Rehabilitation and Correction indicate appellant is no longer incarcerated.[1] As a result, even assuming appellant was correct in his contention that the trial court erred by not awarding him as much jail-time credit as he was due, there is no relief that this court can provide to him on appeal. *See, e.g., State v. Rhymer*, 12th Dist. Butler No. CA2018-01-014, 2018-Ohio-2669, ¶ 8-11 (appeal

---

1. This court has previously determined that we may take judicial notice of the Ohio Department of Rehabilitation and Correction's website to determine if a defendant is incarcerated and his or her date of release. *See State v. Rhymer*, 12th Dist. Butler No. CA2018-01-014, 2018-Ohio-2669, ¶ 9, fn. 2; *State v. Barnes*, 12th Dist. Warren No. CA2015-01-005, 2015-Ohio-3523, ¶ 9, fn. 1. *See also State v. Bennett*, 2d Dist. Greene No. 2014-CA-60, 2015-Ohio-2779, ¶ 5, fn. 1; *State v. Draper*, 3d Dist. Putnam No. 12-10-07, 2011-Ohio-773, ¶ 9, fn. 1.

challenging trial court's award of jail-time credit rendered moot where appellant already served his 180-day prison term and was released from prison); *State v. Hiler*, 12th Dist. Butler No. CA2015-05-084, 2015-Ohio-5200, ¶ 20-21 (assignment of error challenging the trial court's award of jail-time credit moot where appellant had since completed her six-month prison sentence); *State v. Jama*, 10th Dist. Franklin No. 17AP-569, 2018-Ohio-1274, ¶ 14-17 (appeal challenging trial court's award of jail-time credit rendered moot by appellant's "release from confinement on the expiration of her sentence").

{¶ 13} "As jail-time credit relates only to the *length* of a sentence and not the underlying conviction, no collateral disability results by applying the mootness doctrine to felony sentences." (Emphasis sic.) *State v. Barnes*, 12th Dist. Warren No. CA2015-01-005, 2015-Ohio-3523, ¶ 8. *See also State v. McCormick*, 6th Dist. Wood Nos. WD-15-078 and WD-15-079, 2016-Ohio-8009, ¶ 9; *State v. Swain*, 4th Dist. Washington No. 13CA16, 2015-Ohio-1137, ¶ 8. "Furthermore, the exception to the mootness doctrine, when a claim is capable of repetition, yet evades review, does not apply to claims for jail-time credit because there is no reasonable expectation an offender will be subject to the same action again." *Barnes* at ¶ 8, citing *Murphy*, 2006-Ohio-6572 at ¶ 6.

{¶ 14} Accordingly, as appellant has already served his sentence and been released from prison, there is no relief we can provide regarding appellant's challenge to the calculation of jail-time credit. As there is no longer an existing case or controversy to decide regarding this issue, appellant's first assignment of error is dismissed as moot.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ORDERING THE PAYMENT OF COSTS.

{¶ 17} In his second assignment of error, appellant contends the trial court erred in imposing court costs in the sentencing entries in Case Nos. CR2013-11-1866 and CR2014-

11-1730 when the court failed to mention court costs at the sentencing hearing. In support of his argument, appellant cites to *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954. In *Joseph*, the Ohio Supreme Court determined that a trial court erred by ordering a defendant to pay court costs in its judgment entry when it failed to address court costs at the sentencing hearing, as the defendant was deprived of an opportunity to seek a waiver of the costs. *Id.* at ¶ 13. The court held the appropriate remedy was a remand for the limited purpose of allowing the defendant to move the trial court for a waiver of the payment of court costs. *Id.* at ¶ 23.

{¶ 18} In a recent decision, the Ohio Supreme Court declared that "*Joseph* is no longer good law." *State Beasley*, Slip Opinion No. 2018-Ohio-493, ¶ 263. The court noted that the General Assembly amended R.C. 2947.23 by adding subdivision (C), which states that "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing *or at any time thereafter*." (Emphasis sic.) *Id.* at ¶ 265, citing R.C. 2947.23(C). As appellant may seek a waiver of costs with the trial court "at any time" after sentencing, appellant does not need this court to remand the case in order for him to file a motion to waive costs. *Id.* *See also State v. Manning*, 12th Dist. Butler No. CA2017-08-113, 2018-Ohio-3334, ¶ 29. Appellant's request for a remand on this basis has no merit and his second assignment of error is, therefore, overruled.

{¶ 19} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.

- 6 -