[Cite as *State v. Burns*, 2018-Ohio-4657.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-03-015 |
| | : | O P I N I O N |
| - vs - | | 11/19/2018 |
| | : | |
| DAVID N. BURNS, JR., | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2017-CR-000417


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, David N. Burns, Jr., appeals from the sentence he received in the Clermont County Court of Common Pleas for violating a protection order.

{¶ 2} On March 28, 2017, in Clermont County Court of Common Pleas Case No. 2017-CR-000193, appellant was indicted on one count of theft and one count of forgery. A warrant was issued, and appellant was arrested on June 6, 2017. He was unable to make

bond and remained jailed.

{¶ 3} On July 13, 2017, while awaiting trial in Case No. 2017-CR-000193, appellant was indicted by the grand jury on one count of violating a protection order, a felony of the fifth degree, in Clermont County Court of Common Pleas Case No. 2017-CR-000417. Appellant was alleged to have recklessly violated the terms of a protection order issued by a domestic relations court by calling his ex-wife and leaving a hostile voicemail on June 2, 2017. This was appellant's second violation of the protection order, as he previously pled guilty to violating the order in Clermont County Municipal Court.

{¶ 4} On November 20, 2017, in Case No. 2017-CR-000193, appellant pled guilty to forgery in exchange for dismissal of the theft charge. On December 4, 2017, he was sentenced to six months in prison for forgery. However, as appellant had already served 180 days in jail prior to the sentencing entry being journalized, the court found he was entitled to time served and he was discharged as to Case No. 2017-CR-000193 only. Appellant remained incarcerated while awaiting trial on the charge of violating a protection order.

{¶ 5} On February 5, 2018, in Case No. 2017-CR-000417, appellant pled guilty to violating a protection order, and both the state and the defense recommended a six-month prison term be imposed. The trial court accepted appellant's guilty plea after advising appellant as follows with respect to the proposed sentence: "[U]nless there is something unusual in your presentence report, I would be inclined to go along with this but I am not bound by [this] recommendation. It's totally up to me in the end."

{¶ 6} On February 22, 2018, appellant was sentenced in Case No. 2017-CR-000417 to a nine-month prison term. In imposing a nine-month prison sentence, rather than the jointly recommended six-month prison sentence, the court noted it had reviewed the presentence investigation report ("PSI") and was "alarmed by what [it] saw" as there was "a history * * * beyond anything [it] imagined." In addition to appellant's lengthy criminal history,

the court was also troubled by the "tone" of the voicemail message appellant left for his ex-wife. The court found appellant demonstrated "a real violent attitude" in leaving the following message:

> [Voicemail Message]: How long do you think you're going to fuck with me before I fucking do something to all you mother-fuckers? You know, all over that fucking dog. It's what all this shit fucking occurred at. When I get back in town, you're lucky I ain't there now.

{¶ 7} After imposing a nine-month sentence, the court gave appellant 80 days of jail-time credit for the time he remained incarcerated after completing his sentence in Case No. 2017-CR-000193 on December 4, 2017 until he was sentenced in Case No. 2017-CR-000417 on February 22, 2018. The court then indicated it was running the nine-month sentence for violating a protection order "consecutively" to the completed six-month sentence appellant already served for forgery in Case No. 2017-CR-000193. The court stated, in relevant part, as follows:

> THE COURT: I'm going to impose a nine-month prison sentence. You'll be given 80 days of jail time credit for this sentence because you had served a sentence in [2017-CR-000193]. You were being held on two charges. So this sentence is in essence being served consecutively to the sixth-month sentence that you had already served.
>
> As I indicated, in that sentence, you were – as of December 4, 2017, you were discharged on that 193 case. I think consecutive structure isn't significantly – is important. It's – given you your criminal history, these were separate offenses and a single sentence, I think would demand [sic] the seriousness of your conduct. You have been to prison multiple times on multiple felonies and the attitude exhibited in the presentence report is serious. In my mind, a single sentence would demean the seriousness of it.

{¶ 8} Following the imposition of his sentence, appellant timely appealed, raising two assignments of error for review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.14(C)(4) WHEN IMPOSING CONSECUTIVE SENTENCES.

{¶ 11} In his first assignment of error, appellant argues the trial court erred by failing to make the necessary sentencing findings required by R.C. 2929.14(C)(4) before running his sentence for violating a protection order in Case No. 2017-CR-000417 consecutively to his sentence for forgery in Case No. 2017-CR-000193.

{¶ 12} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford,* 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1.

{¶ 13} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith,* 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of

- 4 -

one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *Smith* at ¶ 7.

{¶ 14} "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8. "A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4)." *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8.

{¶ 15} Although the record demonstrates that the trial court did not make all the of the findings required by R.C. 2929.14(C) in imposing appellant's sentence, we find that such findings were unnecessary in this case as there was not a consecutive sentence imposed. At the time appellant was sentenced to nine months in prison for violating a protection order, appellant's prior sentence for forgery had already been served and he had been discharged from prison in Case No. 2017-CR-000193. Appellant remained jailed after December 4, 2017 only because he faced charges in Case No. 2017-CR-000417 and had not made bail. Accordingly, as appellant's sentence in Case No. 2017-CR-000193 had already expired and there was no existing sentence for the trial court to run the nine-month sentence in Case No. 2017-CR-000417 consecutively to, we find that consecutive sentencing findings under R.C. 2929.14(C) were not required. The sentence imposed was therefore not contrary to law.

Furthermore, given that this was appellant's second violation of the protection order and he has a lengthy criminal history spanning more than three decades, the nine-month sentence imposed by the court was supported by the record. Appellant's first assignment of error is therefore overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ERRED IN CALCULATING JAIL-TIME CREDIT.

{¶ 18} In his second assignment of error, appellant argues the trial court erred by only awarding 80 days of jail-time credit, rather than the 82 days of credit he believes he is entitled to receive. Appellant contends that his six-month prison sentence in Case No. 2017-CR-000193 should have expired on December 2, 2017, not December 4, 2017, and that he should have received jail-time credit towards his prison sentence in Case No. 2017-CR-000417 from December 3, 2017 to February 22, 2018. We do not reach the merits of appellant's arguments, however, as we find his second assignment of error to be moot.

{¶ 19} As the Ohio Supreme Court has noted, once an offender has completed his prison sentence, any alleged error relating to the calculation of jail-time credit becomes moot as there is no longer an existing case or controversy. *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5, citing *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, ¶ 6; and *Crase v. Bradshaw*, 108 Ohio St.3d 212, 2006-Ohio-663, ¶ 5 ("appeal is moot because his sentence has now expired and he has been released from prison").

{¶ 20} In this case, the records from the Ohio Department of Rehabilitation and Correction indicate appellant was released from prison on August 19, 2018.[1] As a result,

---

1. As this court has done previously, we take judicial notice from the Ohio Department of Rehabilitation and Correction's website of the date appellant was released from prison. *See State v. Rhymer*, 12th Dist. Butler No. CA2018-01-014, 2018-Ohio-2669, ¶ 9, fn. 2; *State v. Barnes*, 12th Dist. Warren No. CA2015-01-005, 2015-Ohio-3523, ¶ 9, fn. 1. *See also State v. Bennett*, 2d Dist. Greene No. 2014-CA-60, 2015-Ohio-2779, ¶ 5, fn. 1; *State v. Draper*, 3d Dist. Putnam No. 12-10-07, 2011-Ohio-773, ¶ 9, fn. 1.

even assuming appellant was correct that the trial court erred by granting only 80 days of jail-time credit, because appellant has completed his nine-month prison sentence, there is no relief that this court can provide to him on appeal. *See, e.g., State v. Rhymer*, 12th Dist. Butler No. CA2018-01-014, 2018-Ohio-2669, ¶ 8-11 (appeal challenging trial court's award of jail-time credit rendered moot where appellant already served his 180-day prison term and was released from prison); *State v. Hiler*, 12th Dist. Butler No. CA2015-05-084, 2015-Ohio-5200, ¶ 20-21 (assignment of error challenging the trial court's award of jail-time credit moot where appellant had since completed her six-month prison sentence); *State v. Jama*, 10th Dist. Franklin No. 17AP-569, 2018-Ohio-1274, ¶ 14-17 (appeal challenging trial court's award of jail-time credit rendered moot by appellant's "release from confinement on the expiration of her sentence").

{¶ 21} "As jail-time credit relates only to the *length* of a sentence and not the underlying conviction, no collateral disability results by applying the mootness doctrine to felony sentences." (Emphasis sic.) *State v. Barnes*, 12th Dist. Warren No. CA2015-01-005, 2015-Ohio-3523, ¶ 8. *See also State v. McCormick*, 6th Dist. Wood Nos. WD-15-078 and WD-15-079, 2016-Ohio-8009, ¶ 9; *State v. Swain*, 4th Dist. Washington No. 13CA16, 2015-Ohio-1137, ¶ 8. "Furthermore, the exception to the mootness doctrine, when a claim is capable of repetition, yet evades review, does not apply to claims for jail-time credit because there is no reasonable expectation an offender will be subject to the same action again." *Barnes* at ¶ 8, citing *Murphy*, 2006-Ohio-6572 at ¶ 6.

{¶ 22} The fact that appellant was placed on three years of postrelease control supervision following his release from prison does not prevent application of the mootness doctrine. *See State v. Popov*, 4th Dist. Lawrence No. 10CA26, 2011-Ohio-372, ¶ 8-9. Where a defendant violates a condition of his or her postrelease control, the sanctions that may be imposed for the violation are set forth in R.C. 2967.28(B). The length of the prison

term that can be imposed for a violation of postrelease control is statutorily limited; the maximum term per violation is nine months in prison or up to one-half the defendant's original sentence for multiple violations. *See* R.C. 2967.28(F)(1)-(3); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 35; *Popov* at ¶ 8. Assuming appellant violates his postrelease control, the "consideration of the merits of this assignment of error would not affect the outcome of any subsequent sanctions imposed by the parole authority." *Id.* at ¶ 9. Even if we found merit to appellant's argument that he was entitled to 82 days of jail-time credit, rather than the 80 days given to him, the jail-time credit would not reduce the maximum length of the prison term that could be imposed for a violation of his postrelease control. Therefore, postrelease control has no effect on the justiciability of appellant's appeal. *See id.*

{¶ 23} Accordingly, as appellant has already served his sentence and been released from prison and there is no longer an existing case or controversy to decide regarding the issue of jail-time credit, appellant's second assignment of error is dismissed as moot.

{¶ 24} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.