[Cite as *State v. Tharp*, 2019-Ohio-661.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-07-135 |
| | : | O P I N I O N |
| - vs - | | 2/25/2019 |
| | : | |
| BRIAN THARP, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-03-0428

Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, John C. Heinkel, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 South Second Street, Suite 305, Hamilton, Ohio 45011, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Brian Tharp, appeals the decision of the Butler County Court of Common Pleas awarding him zero days of jail-time credit after he admitted to violating the conditions of his community control. For the reasons outlined below, we dismiss this appeal as moot.

**Facts and Procedural History**

{¶ 2} On May 6, 2015, the Butler County Grand Jury returned a three-count indictment charging Tharp with possession of heroin, possession of drugs, and resisting

arrest. Approximately two months later, on July 17, 2015, Tharp pled guilty to possession of heroin in exchange for the state dismissing the possession of drugs and resisting arrest charges. The trial court accepted Tharp's guilty plea and thereafter sentenced Tharp to a five-year community control term. The conditions of Tharp's community control included a requirement that he obey all federal, state, and local laws and ordinances. Tharp was also required to abide by the rules and regulations set forth by his supervising officer.

{¶ 3} On February 7, 2018, a notice was filed with the trial court alleging Tharp had violated the conditions of his community control by failing to report to the adult probation department as directed by his supervising officer. Several months later, on June 8, 2018, another notice was filed with the trial court alleging Tharp had again violated the conditions of his community control as a result of him being convicted in Logan County, Kentucky for driving under the influence.

{¶ 4} On June 11, 2018, Tharp appeared before a trial court magistrate and admitted to violating the conditions of his community control. Three days later, on June 14, 2018, the trial court held a community control revocation hearing. At this hearing, the trial court determined that Tharp had violated the conditions of his community control as alleged. Due to this finding, the trial court revoked Tharp's community control and sentenced Tharp to serve a 90-day prison term. Although in custody since June 8, 2011, it is undisputed the trial court awarded Tharp zero days of jail-time credit.

{¶ 5} On July 2, 2018, nearly three weeks after the trial court issued its sentencing decision, Tharp filed a notice of appeal. That same day, Tharp also filed a "Motion for Stay of Execution or Appellate Bond" asking the trial court to grant (1) a stay of execution of his 90-day prison sentence or (2) a bond releasing him on his own recognizance during the pendency of his appeal. In support, Tharp noted that because he was sentenced to just 90 days in prison that "the sentence will have been served by the time appeal is ruled upon, if

a stay is not granted. Thus, making the appeal moot, from the stand point of the imposition of the sentence." The trial court summarily denied Tharp's motion on July 17, 2018.

**Appeal**

{¶ 6} Tharp now appeals from the trial court's decision awarding him zero days of jail-time credit. The record, however, indicates Tharp has since completed his 90-day prison sentence by operation of law on September 14, 2018. This is confirmed by the records from the Ohio Department of Rehabilitation and Correction indicating Tharp is no longer incarcerated. Under these circumstances, the Ohio Supreme Court has determined that any alleged error relating to the calculation of jail-time credit becomes moot as there is no longer an existing case or controversy. *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5, citing *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, ¶ 6; and *Crase v. Bradshaw*, 108 Ohio St.3d 212, 2006-Ohio-663, ¶ 5 ("appeal is moot because his sentence has now expired and he has been released from prison").

{¶ 7} "This court has consistently applied the mootness doctrine to the issue of jail-time credit, recognizing that once a defendant has completed a stated prison term, there is no relief that can be provided to the defendant on appeal even if the trial court had erred in the calculation of jail-time credit." *State v. Whited*, 12th Dist. Butler No. CA2018-04-079, 2019-Ohio-18, ¶ 10; *see, e.g., State v. Burns*, 12th Dist. Clermont No. CA2018-03-015, 2018-Ohio-4657, ¶ 20 (assignment of error challenging the trial court's award of jail-time credit moot where appellant had since completed his nine-month prison sentence); *State v. Williams*, 12th Dist. Butler Nos. CA2018-01-012 and CA2018-01-013, 2018-Ohio-3989, ¶ 12 (assignment of error challenging a trial court's award of jail-time credit moot where appellant had since completed his 180-day prison sentence); *State v. Rhymer*, 12th Dist. Butler No. CA2018-01-014, 2018-Ohio-2669, ¶ 8-11 (appeal challenging trial court's award of jail-time credit rendered moot where appellant already served his 180-day prison term

and was released from prison); *State v. Hiler*, 12th Dist. Butler No. CA2015-05-084, 2015-Ohio-5200, ¶ 20-21 (assignment of error challenging the trial court's award of jail-time credit moot where appellant had since completed her six-month prison sentence).

{¶ 8}   In light of the foregoing, even assuming Tharp was correct that the trial court erred by denying him any jail-time credit, because Tharp has now completed his 90-day prison sentence, there is no relief that this court can provide to Tharp on appeal.  In so holding, we note that "the issue of jail-time credit relates only to the length of the sentence and not the underlying conviction and, therefore, there is no collateral disability."  *State v. McCormick*, 6th Dist. Wood Nos. WD-15-078 and WD-15-079, 2016-Ohio-8009, ¶ 9; *see also State v. Field*, 11th Dist. Geauga No. 2016-G-0066, 2016-Ohio-5885, ¶ 4 ("[j]ail time credit issues concern the length of the sentence, and not the underlying conviction, and as such, there is no collateral disability").

{¶ 9}   We further note that "the exception to the mootness doctrine, when a claim is capable of repetition, yet evades review, does not apply to claims for jail-time credit because there is no reasonable expectation an offender will be subject to the same action again." *State v. Barnes*, 12th Dist. Warren No. CA2015-01-005, 2015-Ohio-3523, ¶ 8, citing *Murphy*, 2006-Ohio-6572 at ¶ 6.  "[T]he fact that a defendant was placed on postrelease control following his release from prison does not prevent application of the mootness doctrine, as any jail-time credit the defendant was entitled to receive for the underlying offense would not reduce the length of the prison term that could be imposed for a violation of postrelease control."  *Whited*, 2019-Ohio-18 at ¶ 10, citing *Burns*, 2018-Ohio-4657 at ¶ 22.

## Conclusion

{¶ 10} Because there is no longer an existing case or controversy for this court to resolve on appeal since Tharp has now completed his 90-day prison sentence, Tharp's

single assignment of error is dismissed as moot.

{¶ 11} Appeal dismissed.

HENDRICKSON, P.J., and M. POWELL, J., concur.