[Cite as *State v. Fleenor*, 2025-Ohio-4897.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-01-004 |
| - vs - | : | <u>OPINION AND</u><br><u>JUDGMENT ENTRY</u><br>10/27/2025 |
| | : | |
| JONATHAN RUSS FLEENOR, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21CR38360

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Johnna M. Shia, for appellant

**O P I N I O N**

**BYRNE, P.J.**

{¶ 1} Jonathan Russ Fleenor appeals from the decision of the Warren County Court of Common Pleas, General Division, which revoked intervention in lieu of conviction

and sentenced Fleenor to a jail term. For the reasons discussed below, we overrule Fleenor's first assignment of error and moot his second and third assignments of error.

## I. Factual and Procedural Background

{¶ 2}   In August 2021, a Butler County grand jury indicted Fleenor on three counts: (1) Count One, receiving stolen property, a felony of the fifth degree; (2) Count Two, receiving stolen property, a misdemeanor of the first degree; and (3) Count Three, misuse of credit cards, a misdemeanor of the first degree. These charges stemmed from allegations that Fleenor stole the victim's purse or bag, which contained her credit cards, cash, and some electronics, and then used the victim's credit card to make a purchase at a store.

{¶ 3}   In January 2022, Fleenor moved the court for intervention in lieu of conviction ("ILC"), pursuant to R.C. 2951.041. In the motion, Fleenor asserted that drug or alcohol usage was a factor leading to his offenses.

{¶ 4}   In February 2022, the trial court granted Fleenor's request for ILC. Fleenor thereafter pleaded guilty to Counts One, Two, and Three. In lieu of finding Fleenor guilty, the trial court stayed the proceedings and placed Fleenor under the general supervision of the Warren County Adult Probation Department for three years. The court also ordered Fleenor to pay restitution to the victim in the amount of $2,050.

{¶ 5}   In April 2022, Fleenor signed a document setting forth the ILC rules and conditions. Among many other rules, Fleenor agreed to (1) keep his probation officer informed of his residence, (2) abstain from using illegal narcotics, and (3) pay restitution in accordance with a payment plan established by his probation officer.

{¶ 6}   Several days later, the court suspended Fleenor's ILC supervision due to Fleenor being incarcerated in the Butler County Jail. Fleenor was later transported from the Butler County Jail to the Hamilton County Justice Center on a warrant. On June 1,

2022, Fleenor posted bond in Hamilton County and was released from the Justice Center.

{¶ 7}   Two weeks later, Fleenor was charged in Kentucky with tampering with the prisoner monitor device that had been placed on him in conjunction with the case currently before us. For his act of cutting off the monitor while in Kentucky, a Kentucky court imposed a sentence of 365 days, which Fleenor then served.

{¶ 8}   In June 2023, the Warren County Adult Probation Department filed a report of an ILC violation. The ILC report alleged that when Fleenor posted bond and was released from the Hamilton County Justice Center, he failed to provide his probation officer with his address. When the probation officer could not locate him, a warrant was issued for his arrest.

{¶ 9}   In late June 2023, after completing his sentence in Kentucky, authorities brought Fleenor back to Warren County for a hearing on his alleged violation of the terms of ILC. In a hearing held in July 2023, Fleenor admitted to violating the terms of ILC and the trial court issued an entry finding that he had violated the terms of ILC. However, the trial court did not revoke ILC but instead continued Fleenor on ILC supervision. The court also issued an entry reinstating Fleenor's community control effective June 23, 2023.

{¶ 10} In January 2025, the Warren County Adult Probation Department filed a second report alleging multiple ILC violations. The report alleged that:

- Fleenor had failed to make any payments towards the restitution order.

- In January 2024, Fleenor submitted to a urine drug screen which was positive for methamphetamine and amphetamine.

- In February 2024, Fleenor submitted to an oral swab drug test which was positive for methamphetamine and amphetamine.

- In March 2024, Fleenor had been ordered to submit to a drug screen but had left the probation office before submitting to the test.

- In March 2024, Fleenor was ordered to report to the probation office to make up for his missed drug test two days earlier, but failed to report and a warrant was issued.

{¶ 11} On January 13, 2025, the trial court held a final hearing on the report of ILC violations. At the hearing, Fleenor admitted to the violations. The court thereafter found that Fleenor had violated the terms of ILC. This time, the court terminated ILC and entered a finding of guilt on Fleenor's previously-submitted guilty pleas.

{¶ 12} The court proceeded with sentencing. The court found that Fleenor was amenable to community control and placed Fleenor on community control. However, the court also ordered Fleenor to serve 209 days in the Warren County Jail, with credit for 29 days served, leaving a balance of 180 days to be served in the Warren County Jail.

{¶ 13} Fleenor appealed, raising three assignments of error.

## II. Law and Analysis

### A. Revocation of ILC

{¶ 14} Fleenor's first assignment of error states:

WHETHER THE TRIAL COURT ERRED FOR REVOKING FLEENOR' S ILC AND SENTENCING HIM TO ADDITIONAL INCARCERATION AGAINST HIS CONSTITUTIONAL RIGHTS.

{¶ 15} In this assignment of error, Fleenor argues that the trial court erred when it terminated ILC and sentenced him to community control with additional jail time. Fleenor's assignment of error suggests that he is challenging the decision to revoke ILC and impose a jail sentence on constitutional grounds and he cites boilerplate law concerning due process rights in a probation revocation hearing. However, this case did not involve the revocation of probation, but rather, the revocation of ILC.

{¶ 16} R.C. 2951.041(F) provides the procedural framework for revoking ILC. Pursuant to that statute,

If the court grants an offender's request for intervention in lieu of conviction and the offender fails to comply with any term or condition imposed as part of the intervention plan for the offender, the supervising authority for the offender promptly shall advise the court of this failure, and the court shall hold a hearing to determine whether the offender failed to comply with any term or condition imposed as part of the plan. If the court determines that the offender has failed to comply with any of those terms and conditions, it may continue the offender on intervention in lieu of conviction, continue the offender on intervention in lieu of conviction with additional terms, conditions, and sanctions, including placing the offender under the general control and supervision of a community-based correctional facility, or enter a finding of guilty and impose an appropriate sanction under Chapter 2929. of the Revised Code. If the court sentences the offender to a prison term, the court, after consulting with the department of rehabilitation and correction regarding the availability of services, may order continued court-supervised activity and treatment of the offender during the prison term and, upon consideration of reports received from the department concerning the offender's progress in the program of activity and treatment, may consider judicial release under section 2929.20 of the Revised Code.

{¶ 17} Thus, the statute requires the trial court to hold a hearing to determine if the offender failed to comply with the terms or conditions of the ILC plan and gives the court discretion on whether or not to revoke ILC. *Id.* ("[the court] *may* continue the offender on [ILC] . . ."). Because this is a discretionary decision, we review the revocation of ILC for an abuse of discretion. *See State v. Jones*, 2024-Ohio-4685, ¶ 26 (5th Dist.); *State v. Fonseca*, 2015-Ohio-306, ¶ 19 (8th Dist.); *State v. Zepeda*, 2014-Ohio-1311, ¶ 18 (6th Dist.). An abuse of discretion implies that the court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 18} As to due process, the hearing requirement of R.C. 2951.041(F) contemplate a proceeding that comports with the basic requirements of due process, namely, prior notice and a meaningful opportunity to be heard. *State v. Brotherton*, 2024-Ohio-5045, ¶ 19 (12th Dist.).

{¶ 19} Fleenor does not articulate any argument that he was denied due process at the hearing. The record reflects that he received notice of the final revocation hearing, that he was given an opportunity to be heard on the alleged violations, and that he decided to admit to the violations without contesting them.

{¶ 20} Fleenor's argument is difficult to understand, but he states that he "wasn't given a chance" and then refers to the amount of time he spent incarcerated on other charges after he was placed on ILC. Fleenor is apparently arguing that because he was incarcerated for much of the time after his placement on ILC, and his ILC supervision was suspended during these periods of incarceration, it was unfair for the trial court to find he violated ILC and revoke ILC.

{¶ 21} This argument lacks any merit. Fleenor's violations and the court's revocation of ILC were not in any way premised on Fleenor having insufficient time to comply with the terms of ILC due to his incarceration. Instead, it was Fleenor's decision to use illegal substances, his refusal to take or report for drug tests, and his failure to make any restitution payments that caused the court to revoke ILC and impose a jail term. The trial court had ample grounds to terminate ILC, which Fleenor admitted. We also note that this was not the first ILC violation. Fleenor also admitted violating ILC by failing to advise his probation officer of his address. Despite that earlier violation, the trial court allowed Fleenor to continue on ILC. On these facts, we perceive nothing that would constitute an abuse of discretion by the trial court in revoking ILC, let alone a violation of due process.

{¶ 22} Fleenor also appears to argue that the court erred in revoking ILC and sentencing him to jail because he spent a year incarcerated in Kentucky "for conduct directly related to these offenses. . . .," referring to the offenses under appeal. This argument also lacks merit. The record reflects that Fleenor was jailed in Kentucky for 365

days for the act of removing an ankle monitor while in Kentucky. While the ankle monitor may have been placed upon him in conjunction with the case now before us, it was his actions of removing the monitor in Kentucky that brought those charges. Therefore, he was not incarcerated in Kentucky for any actions in Warren County, or any actions related to this case. In addition, the ankle monitor removal was never alleged as a violation of the terms of Fleenor's ILC. As a result, the Kentucky jail sentence did not prevent the Warren County trial court from imposing a jail sentence after Fleenor violated the terms of ILC.

{¶ 23} We overrule Fleenor's first assignment of error.

### B. Mooted Arguments

{¶ 24} We will address Fleenor's second and third assignments of error together.

{¶ 25} Fleenor's second assignment of error states:

> THE TRIAL COURT ERRED WHEN IT DID NOT AWARD FLEENOR JAIL TIME CREDIT FOR THE TIME THAT HE WAS INCARCERATED IN KENTUCKY ON WARREN COUNTY'S WARRANT.

{¶ 26} Fleenor's third assignment of error states:

> THE IMPOSITION OF THE ADDITIONAL JAIL SANCTION WAS NOT SUPPORTED BY THE RECORD.

{¶ 27} In support of Fleenor's second assignment of error, he argues that the trial court erred by not giving him jail time credit for "the time that [he] was held in jail awaiting disposition on the warrants in this case as well as the year spent in the Kentucky jail for removing the Warren County monitor . . . ."

{¶ 28} In support of Fleenor's third assignment of error, he argues that the trial court's decision to revoke ILC, impose community control, and add a 180-day term of jail incarceration was not supported by clear and convincing evidence.

{¶ 29} The State argues that both these assignments of error are moot based on Fleenor having been released from jail and having his community control terminated. We

agree.

{¶ 30} The electronic docket of the Warren County Court of Common Pleas indicates that on June 4, 2025, the trial court held a hearing on an allegation that Fleenor violated the terms of community control while he was released from jail on a one-day furlough.[1] The transcript of this hearing is not available, but the result of the hearing is documented in an entry in which the court dismissed the alleged violation and terminated community control. In a separate entry, the court ordered Fleenor to be released from the Warren County Jail. The record is unclear, but it appears that this entry releasing Fleenor may have been the result of a pro se motion for early release filed by Fleenor prior to the hearing described above.

### 1. Jail-Time Credit

{¶ 31} As to his jail-time credit argument set forth in his second assignment of error, Fleenor's appeal is moot because he is no longer serving a jail sentence and has not indicated that he will suffer collateral disability from having served his sentence. "[O]nce an offender has completed his prison sentence, any alleged error relating to the calculation of jail-time credit becomes moot as there is no longer an existing case or controversy." *State v. Burns*, 2018-Ohio-4657, ¶ 19 (12th Dist.), citing *State ex rel. Compton v. Sutula*, 2012-Ohio-1653, ¶ 5. Even assuming any error in the trial court's calculation of jail-time credit, since Fleenor has completed his jail term, there is no relief that this court can provide him on appeal. *Id*. at ¶ 20.

{¶ 32} Furthermore, as jail-time credit relates only to the *length* of a sentence and not the underlying conviction, no collateral disability results by applying the mootness

---

1. A court of appeals may take judicial notice of court proceedings relevant to mootness. *In re C.L.W.*, 2022-Ohio-1273, ¶ 29, fn. 1 (12th Dist.), citing *In re Adoption of C.E.S.*, 2020-Ohio-6902, ¶ 3 (12th Dist.). A court of appeals may also look outside the record to determine whether an appeal is moot. *Id.*, citing *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 2000-Ohio-141, citing *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472 (1992). *Accord Burns*, 2018-Ohio-4657 at ¶ 20, fn. 1.

doctrine. *Id*. at ¶ 21, citing *State v. Barnes*, 2015-Ohio-3523, ¶ 8 (12th Dist.). And the capable-of-repetition-yet-evading-review exception to the mootness doctrine does not apply to jail-time credit because there is no reasonable expectation that Fleenor would be subject to the same action again. *Id*.[2]

### 2. Evidence Supporting Imposition of Community Control and Jail Time

{¶ 33} In Fleenor's third assignment of error, he claims that the trial's court decision to sentence him to community control and a jail term of 180 days was not supported by clear and convincing evidence. For the same reasons set forth concerning jail-time credit, Fleenor's challenge to the court's sentence is moot. That is, because Fleenor has served his sentence and been released, there is no relief we can provide on appeal. *State v. Briggs*, 2017-Ohio-686, ¶ 23 (12th Dist.) (finding offender had already served jail sentence and concluding that assignment of error concerning five-day jail sentence was moot); *State v. Murphy*, 2021-Ohio-1452, ¶ 7 (12th Dist.) (argument that court erred in applying consecutive sentences moot where offender had already been released from prison). And again, Fleenor has not argued or established any collateral disability as a result of serving his sentence.

{¶ 34} Accordingly, as Fleenor has already served his sentence and been released from jail and community control, there is no longer an existing case or controversy to decide regarding the issue of jail-time credit or the imposition of any particular sentence, and Fleenor's second and third assignments of error are moot and need not be addressed.

### III. Conclusion

---

2. We note that Fleenor does not articulate how his jail sentence should have been calculated, i.e., he does not specify what specific dates he spent in jail on warrants related to the underlying offenses. The State, in its brief, sets forth (in great detail) how the trial court calculated that Fleenor was entitled to 29 days of jail-time credit. Had we reviewed this issue on the merits, we would have overruled Fleenor's assignment of error based on the arguments set forth in the State's brief.

**{¶ 35}** Fleenor has failed to establish that the trial court abused its discretion in revoking ILC and imposing a jail term. Fleenor's arguments concerning jail-time credit and his sentence are moot based on his release from jail and the termination of community control.

**{¶ 36}** Judgment affirmed.

PIPER and M. POWELL, JJ., concur.

## JUDGMENT ENTRY

The first assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed to appellant.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Mike Powell, Judge