JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Rodrigan Pavlick ("Pavlick"), appeals his conviction for driving under suspension. For the reasons adduced below, we dismiss the appeal as moot.
 {¶ 2} A review of the record on appeal indicates that Pavlick was convicted on March 4, 2008. The trial court sentenced him to 180 days in jail and granted credit for time already served.[1]
 {¶ 3} It is well settled that when a defendant, who has been convicted of a misdemeanor offense, voluntarily completes his sentence for that offense, "an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."State v. Wilson (1975), 41 Ohio St.2d 236, 325 N.E.2d 236; see, also,State v. Golston, 71 Ohio St.3d 224, 1994-Ohio-109, 643 N.E.2d 109, 110.
 {¶ 4} Thus, in reviewing misdemeanor convictions, we have held, that "unless one convicted of a misdemeanor seeks to stay the sentence imposed pending appeal or otherwise involuntarily serves or satisfies it, the case will be dismissed as moot unless the defendant can demonstrate a particular civil disability or loss of civil rights specific to him arising from the conviction." Cleveland v. Martin, Cuyahoga App. No. 79896, 2002-Ohio-1652.
 {¶ 5} In the case at bar, Pavlick has completely served and satisfied the sentence imposed pursuant to his misdemeanor conviction. Our record shows that *Page 4 
he never sought a stay of execution of his sentence.
 {¶ 6} Thus, there is no further ongoing or future penalty from which this court can grant relief. Moreover, Pavlick's brief is completely void of any assertions of a civil disability or loss of civil rights that he will allegedly suffer as a result of the conviction.
 {¶ 7} Accordingly, the appeal is dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and MARY J. BOYLE, J., CONCUR
[1] The record reflects that Pavlick was in jail from February 1, 2008 until his trial date. *Page 1