JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Michael Kestranek ("Kestranek"), appeals his misdemeanor conviction for unauthorized use of a motor vehicle. For the reasons set forth below, we dismiss the appeal as moot.
 {¶ 2} A review of the record on appeal indicates that on October 25, 2007, Kestranek was convicted of unauthorized use of a motor vehicle under R.C. 2913.03(B), a fifth degree felony. On November 8, 2007, he filed a motion for post-verdict acquittal, or in the alternative, a motion for a new trial. After a hearing, the court granted the motion in part, amending Kestranek's conviction to the unauthorized use of a motor vehicle under R.C. 2913.03(A), a first degree misdemeanor. He was sentenced to three months in prison, which was suspended on the condition he serve six months probation. He was also ordered to pay court costs and fees and restitution in the amount of $522.50. In June 2008, the trial court found that Kestranek violated probation and extended probation to December 31, 2008.
 {¶ 3} We note that when a defendant, who has been convicted of a misdemeanor offense, voluntarily completes his sentence for that offense, "an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such *Page 4 
judgment or conviction." State v. Wilson (1975), 41 Ohio St.2d 236,325 N.E.2d 236; see, also, State v. Golston, 71 Ohio St.3d 224,1994-Ohio-109, 643 N.E.2d 109, 110.
 {¶ 4} Thus, in reviewing misdemeanor convictions, we have held that "unless one convicted of a misdemeanor seeks to stay the sentence imposed pending appeal or otherwise involuntarily serves or satisfies it, the case will be dismissed as moot unless the defendant can demonstrate a particular civil disability or loss of civil rights specific to him arising from the conviction." Cleveland v. Martin, Cuyahoga App. No. 79896, 2002-Ohio-1652. See, also, Cleveland v.Pavlick, Cuyahoga App. No. 91232, 2008-Ohio-6164.
 {¶ 5} In the instant case, Kestranek has completely served and satisfied the sentence imposed pursuant to his misdemeanor conviction and has paid all court costs and fees. Furthermore, the record shows that he never sought a stay of execution of his sentence.
 {¶ 6} Thus, there is no further ongoing or future penalty from which this court can grant relief. Moreover, Kestranek's brief is completely void of any assertions of a civil disability or loss of civil rights that he will allegedly suffer as a result of the conviction, nor was any disability raised during oral argument.
 {¶ 7} Accordingly, the appeal is dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 5 
 SEAN C. GALLAGHER, J., and MARY J. BOYLE, J., CONCUR. *Page 1