[Cite as *State v. Franklin*, 2013-Ohio-5164.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25677 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2010-CR-2491 |
| v. | : | |
| | : | |
| STACEY E. FRANKLIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of November, 2013.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ADAM JAMES STOUT, Atty. Reg. #0080334, 2600 Far Hills Avenue, Suite 315, Dayton, Ohio 45419
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant Stacey E. Franklin appeals from her sentence imposed

following her plea of guilty to Theft, in an amount equaling or exceeding $500, but less than $1,000, in violation of R.C. 2913.02(A)(2), a misdemeanor of the first degree. Franklin contends that the trial court erred by failing to apply a jail-time credit of six days against the ten days in jail ordered as part of the community control sanctions imposed in this case. Franklin further contends that the trial court erred by ordering restitution in the amount of $550 without either: (1) crediting her with rental payments she made to the victim; or (2) considering her ability to pay.

{¶ 2}    We conclude that the jail-time-credit issue is moot, since it appears from the record that Franklin has already served the ten days in jail against which the six-day jail-time credit is sought. If Franklin should later be sentenced to incarceration in this case, she may raise the jail-time credit issue in the trial court.

{¶ 3}    The restitution ordered by the trial court does not appear, from this record, to have been in error. Franklin had the use of the television during the time she made rental payments, but failed to return it to the lessor. The retail replacement cost of the television was represented in the pre-sentence investigation report as being $550. The personal information concerning Franklin contained in the pre-sentence investigation report suggests that she is employable and in good health, and she was ordered to make restitution in the amount of $25 per month. The record implies that the trial court considered the information in the pre-sentence investigation report when imposing sentence. Finally, any error in the restitution order would appear to have been invited; Franklin's trial counsel stated, in her statement to the trial court attached to the pre-sentence investigation report: "Restitution is $550 to RentACenter." At no time during the sentencing hearing did Franklin take exception to this amount of restitution.

{¶ 4}     Accordingly, the judgment of the trial court is Affirmed.

## I.  The Course of Proceedings

{¶ 5}     The indictment in this case charged that Franklin, "with purpose to deprive the owner, to-wit: RENT-A-CENTER of property or services, did knowingly and beyond the scope of the express or implied consent of the owner or person authorized to give consent, obtain or exert control over said owner's property or services, to-wit: TELEVISION, having a value of Five Hundred Dollars ($500.00) or more; contrary to the form of the statute (in violation of Section 2913.02(A)(2) of the Ohio Revised Code) * * * ."

{¶ 6}     Franklin pled guilty, and the trial court ordered a pre-sentence investigation.

{¶ 7}     At the sentencing hearing, the trial court imposed community control sanctions for a period of not more than five years.  The sanctions were to include, among other things, 50 hours of community service "and that you server [sic] 10 days in the Montgomery County Jail – ten additional days in the Montgomery County Jail, that can be served on weekends.  That 10 days must be completed within the next 90 days."  Franklin's trial counsel had already noted that Franklin had "about six days jail time credit in this case."  The trial court also ordered Franklin to pay $550 to Rent A Center as restitution, at the rate of $25 per month.

{¶ 8}     In its sentencing entry, the trial court imposed sentence accordingly, but the sentencing entry makes no mention of jail-time credit.  It just includes, as one of the community control sanctions, "[a] requirement that the offender serve 10 days in the Montgomery County Jail (*can be served on weekends – must be completed within 90 days of February 26, 2013*)." (Emphasis in original.)

{¶ 9}   Franklin appeals from her sentence.   By entry filed herein on April 29, 2013, we stayed that portion of Franklin's sentence requiring her to serve ten days in jail, pending a response by the State to her motion for stay.   By entry filed herein on May 7, 2013, we vacated that stay.

## II.   The Jail-Time-Credit Issue Is Moot

{¶ 10}   Franklin's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN FAILING TO TAKE INTO ACCOUNT

SIX DAYS OF JAIL TIME CREDIT IN ITS TERMINATION ENTRY.

{¶ 11}   Franklin asserts that she is entitled, pursuant to R.C. 2949.08(C)(1), to a jail-time credit of six days against the ten days of jail ordered as one of her community control sanctions. The State contends that the trial court actually intended, as indicated in the transcript of the sentencing hearing, to impose ten days of jail in addition to the six days or pre-trial confinement that Franklin had already served.   There is some support for this view in the sentencing hearing transcript.

{¶ 12}   But a trial court speaks through its journal entries.   In the sentencing entry, the trial court simply ordered ten days of jail as one of the community control sanctions, without any reference to jail-time credit for pre-trial incarceration.   If it had intended to order ten days in addition to the six days of jail-time credit, the trial court would have been better advised to have imposed, as one of the community control sanctions in its sentencing entry, sixteen days of jail, with a credit for the six days Franklin had spent in pre-trial incarceration.

{¶ 13}   In any event, we agree with the State's other argument – that this issue is moot. Although we initially stayed the execution of the jail part of the community control sanctions, we

vacated that stay on May 7, 2013. The State contends in its answer brief, to which Franklin has not responded, that she has completed serving the ten days in jail ordered as part of her community control sanctions. That seems likely, since the ten days, which Franklin was allowed to serve during weekends, was ordered to have been completed within 90 days, which would have ended in early August, 2013.

{¶ 14} Even if Franklin was, in fact, entitled to a six-day credit against the ten days she was ordered to spend in jail, there is no way that we can give those days back to her once she has already served them. Therefore, there is no meaningful remedy we can provide.

{¶ 15} If Franklin were to violate the conditions of her community control sanctions, she could be sentenced to incarceration. If that should happen, the trial court will consider the issue of jail-time credit at that time.

{¶ 16} Franklin's First Assignment of Error is overruled as moot.

### III. If the Order of Restitution Was in Error, that Error Was Invited

{¶ 17} Franklin's Second Assignment of Error is as follows:

THE COURT ERRED IN IMPOSING RESTITUTION BY FAILING TO INCLUDE IN ITS TERMINATION ENTRY OR IN THE RECORD ITS JUSTIFICATION FOR THE IMPOSITION OF RESTITUTION OR CONSIDER THE DEFENDANT'S ABILITY TO PAY RESTITUTION.

{¶ 18} Franklin first cites *State v. Casey*, 2d Dist. Montgomery No. 19940, 2004-Ohio-1017, for the proposition that there is an insufficient basis in this record for determining the value of the stolen television. In *Casey*, unlike in the case before us, the

television was stolen from a person who was merely leasing the television, not from the owner of the television. *Id.,* ¶ 119. We held that there was an insufficient basis in the record in *Casey* to support an award of $300 in restitution to the lessee of the television, because there was no evidence of the economic loss to the lessee. *Id.*, ¶ 122.

{¶ 19} In the case before us, Franklin stole the television from the owner of the television, Rent-A-Center. Franklin argues that she should have been credited with rental payments she made to Rent-A-Center, but these payments were for the use of the television, which she enjoyed, not for the purchase of the television. As Franklin acknowledges, the pre-sentence investigation report reflects that the retail replacement cost of the television was $550.

{¶ 20} Franklin also argues that the trial court failed to consider her ability to pay restitution. The pre-sentence investigation report reflects that Franklin is in her early forties, in good health, and has a Nurse Aid degree from Sinclair Community College. It also reflects that Franklin was employed full time at Care Source as a "prior authorization representative and has been since March 2010 to the present."[1] Thus, reference to the pre-sentence investigation report would support a finding that Franklin was able to pay restitution of $550 at a rate of just $25 per month.

{¶ 21} Franklin argues, however, that there is nothing in the record to reflect that the trial court considered the pre-sentence investigation report. We disagree. During the plea hearing, the trial court told Franklin: "Ma'am, do you understand that while the State is recommending probation, I don't know anything about you, so I'm going to order a presentence

---

[1] Although the pre-sentence investigation report is undated, it refers at one point to an event that occurred on February 5, 2013.

investigation and I'll determine what your sentence is when you come back in four weeks; do you understand that?" This statement reasonably, if not overwhelmingly, implies that the trial court intended to review the pre-sentence investigation report in connection with sentencing.

{¶ 22} Finally, even if the trial court's award of restitution could be considered to have been in error, any error was invited. In her statement submitted to the trial court as part of the pre-sentence investigation report, Franklin's trial counsel included the following statement: "Restitution is $550 to RentACenter." At no time during the sentencing hearing did Franklin or her trial counsel disavow restitution in the amount of $550.

{¶ 23} Franklin's Second Assignment of Error is overruled.


**IV. Conclusion**

{¶ 24} Franklin's First Assignment of Error having been overruled as moot, and her Second Assignment of Error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.


Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Adam James Stout
Hon. Mary K. Huffman