[Cite as *State v. Field*, 2016-Ohio-5885.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0066** |
| DALE P. FIELD JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 10C000087.

Judgment: Appeal dismissed.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Dale P. Field, Jr.*, pro se, 451 West Wilford Street, Grafton, WV 26354 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellee, State of Ohio, moves to dismiss appellant's appeal from the trial court's decision denying appellant's motions for jail time credit on two grounds. First, appellee argues that the trial court lacked jurisdiction and, therefore, this appeal should be dismissed. This court's jurisdiction is not determined by whether the trial court had jurisdiction. The trial court decided the merits of the motions for jail time credit, and as such, the ruling affects a substantial right rendered in a special proceeding and is

appealable. R.C. 2505.02(B)(2). *State v. Thompson*, __ Ohio St. ___, 2016-Ohio-2769, ¶13. Accordingly, this argument is overruled. Moreover, it is seemingly illogical to assert that an appellate court would lack jurisdiction to review a trial court's decision merely because the trial court lacked jurisdiction. This would lead to an absurd result as it would leave the arguably void decision in full force.

{¶2} The State of Ohio also moves to dismiss because the issue on appeal, i.e., jail time credit, is moot as appellant has fully served his sentence and was recently released from prison.

{¶3} Appellant does not challenge that he has served his sentence and been released from prison. Instead, he argues that he remains under post-release control and is subject to additional prison time should he violate terms. Thus, he argues jail time credit is not moot since his liberty is still at stake pending completion of post-release control.

{¶4} Generally, "once a defendant has served his sentence and has been released from prison, * * * any error related to the calculation of his jail-time credit is moot[,]" *State v. Feagin*, 6th Dist. Huron No. H-12-014, 2013-Ohio-1837, ¶4, citing *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928, because "there is no further ongoing or future penalty from which this court can grant relief." *City of Cleveland v. Pavlick*, 8th Dist. Cuyahoga No. 91232, 2008-Ohio-6164, ¶6. Jail time credit issues concern the length of the sentence, and not the underlying conviction, and as such, there is no collateral disability. *Feagin,* supra.

{¶5} Here, Field is not challenging the length of his underlying sentence. Instead, he disputes the length of the possible term of imprisonment if he violates post-release control.

{¶6} If appellant violates his post-release control sanctions, and the trial court imposes prison as a result, then it should consider this issue at that time. *State v. Franklin*, 2nd Dist. Montgomery No. 25677, 2013-Ohio-5164, ¶15 (holding no meaningful remedy at this juncture, and explaining that if appellant violates community control sanctions, the trial court should consider the issue of jail time credit during sentencing for the violation); *State v. Jirousek*, 11th Dist. Geauga No. 2014-G-3192, 2015-Ohio-949, ¶48 (Cannon, P.J. concurring) (agreeing with the majority, but writing separately to note that the issue was moot).

{¶7} Accordingly, the state's motion to dismiss is granted as the sole issue on appeal is moot.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL J.,

concur.

3