[Cite as *State v. Troyer*, 2019-Ohio-4929.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0036** |
| CHRISTOPHER RAY TROYER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2018 CR 00411.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, *Ashleigh Musick*, Assistant Prosecutor, and *Michael J. Fredericka*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 S. Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Christopher Ray Troyer ("Mr. Troyer"), appeals the judgment of the Trumbull County Court of Common Pleas sentencing him to 120 days of incarceration but expressly not granting him any jail-time credit.

{¶2} Mr. Troyer argues that the trial court erred as a matter of law in failing to grant him jail-time credit. After a careful review of the record and pertinent law, we find

Mr. Troyer's appeal is moot because he has completed his jail sentence. Thus, we dismiss Mr. Troyer's appeal.

**Substantive and Procedural History**

{¶3} On April 28, 2016, a complaint was filed in the Girard Municipal Court charging Mr. Troyer with theft, a fifth-degree felony, in violation of R.C. 2913.02(A)(3). The municipal court issued a warrant for Mr. Troyer's arrest, but it appears he was not arrested until nearly two years later on April 22, 2018. In May of 2018, the municipal court bound the case over to the Trumbull County Court of Common Pleas.

{¶4} On June 14, 2018, the Trumbull County Grand Jury indicted Mr. Troyer on a single count of theft from a person in a protected class, a fourth-degree felony, in violation of R.C. 2913.02(A)(3) and (B)(3). The trial court issued an arrest warrant on July 20, 2018 as a result of Mr. Troyer's failure to appear for his arraignment, and the warrant was executed at the Mercer County Jail in Pennsylvania on November 13, 2018. Mr. Troyer entered an initial plea of not guilty and posted bond.

{¶5} The trial court issued a second arrest warrant on December 18, 2018 as a result of Mr. Troyer's failure to appear for a scheduled pretrial hearing. Mr. Troyer was arrested two days later and posted bond. The trial court issued a third arrest warrant on March 19, 2019 as a result of Mr. Troyer's failure to appear for the rescheduled pretrial. Mr. Troyer was arrested on March 26, 2019.

{¶6} Two days later, on March 28, 2019, Mr. Troyer appeared with counsel and entered a plea of guilty to an amended indictment of theft, a first-degree misdemeanor, in violation of R.C. 2913.02(A)(1) and (B).

2

{¶7} According to the state, the factual basis for the guilty plea was that Loretta Edl gave money to Mr. Troyer to complete various home improvement projects around her home. After receipt of the money, Mr. Troyer started a few of the projects but did not complete them. Mr. Troyer confirmed the state's factual basis at the plea hearing.

{¶8} The trial court accepted his plea of guilty, found him guilty, and ordered a presentence investigation. At the sentencing hearing held on May 14, 2019, the trial court sentenced Mr. Troyer to 120 days of incarceration at the Trumbull County Jail and ordered him to pay court costs in an unspecified amount and restitution to the victim in the amount of $650. The trial court expressly found that Mr. Troyer would not receive credit for time served. The trial court subsequently issued an entry memorializing Mr. Troyer's sentence.

{¶9} Following issuance of the sentencing entry, Mr. Troyer filed a motion for jail-time credit. Prior to the trial court's ruling on the motion, Mr. Troyer also filed a notice of appeal of the trial court's sentencing entry.

{¶10} Mr. Troyer filed a motion with this court requesting a limited remand for the trial court to rule on his motion for jail-time credit, which we granted. On limited remand, the trial court denied Mr. Troyer's motion for jail-time credit. Mr. Troyer then filed a motion for an appeal bond and for a stay of execution of his sentence pending appeal, which the trial court also denied. Mr. Troyer did not file a motion in this court to stay execution of his sentence.

{¶11} Mr. Troyer raises the following assignment of error:

{¶12} "The trial court erred, as a matter of law, by sentencing appellant to a term of incarceration without granting jail time credit."

3

**Mootness**

{¶13} As an initial matter, the state argues that Mr. Troyer's appeal should be dismissed because Mr. Troyer has fully served his jail sentence. We agree.

### The Mootness Doctrine

{¶14} In *State v. Wilson*, 41 Ohio St.2d 236 (1975), the Supreme Court of Ohio set forth the general rule that "[w]here a defendant, convicted of a criminal offense, has *voluntarily* paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." (Emphasis added.) *Id.* at syllabus.

{¶15} In *State v. Golston*, 71 Ohio St.3d 224 (1994), the court adopted a conclusive presumption that "[a] person convicted of a *felony* has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her. Therefore, an appeal challenging a *felony conviction* is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." (Emphasis added.) *See Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, ¶19, quoting *Golston* at syllabus. Thus, the court limited the holding in *Wilson* to appeals from misdemeanor convictions in which the appellant has voluntarily completed the sentence and in which no collateral consequences resulted from the conviction. *Id.*, citing *Golston* at 227.

{¶16} In *Lewis*, the Supreme Court of Ohio clarified what it means to "voluntarily complete a sentence" for purposes of the mootness doctrine, holding that "[t]he completion of a sentence is not voluntary and will not make an appeal moot if the

circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *Id.* at syllabus.

{¶17} According to the court, "a misdemeanant who contests charges at trial and, after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appeals the conviction objectively demonstrates that the sentence is not being served voluntarily, because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal." *Id.* at ¶23. In addition, such circumstances "demonstrate that the appellant has 'a substantial stake in the judgment of conviction,' * * * so that there is 'subject matter for the court to decide.'" *Id.*, quoting *Wilson* at 237 and *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, ¶9.

{¶18} It is reversible error for an appellate court to consider the merits of an appeal that has become moot after the defendant has voluntarily satisfied the sentence. *Id.* at ¶18, citing *State v. Berndt*, 29 Ohio St.3d 3, 4 (1987).

### *Jail-Time Credit and Mootness*

{¶19} In *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, the Supreme Court of Ohio determined that an appeal of a judgment dismissing a petition for a writ of mandamus to compel a judge to rule on a pending motion for jail-time-credit was moot where the defendant had been released from confinement. *Id.* at ¶1, 6; *see also State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶5. Thus, this court and others have generally held that once a defendant has served his or her

5

sentence and has been released from confinement, any error related to the calculation of jail-time credit is moot. *See, e.g., State v. Field*, 11th Dist. Geauga No. 2016-G-0066, 2016-Ohio-5885, ¶4; *State v. Eleyet*, 2d Dist. Miami No. 2018-CA-1, 2018-Ohio-4879, ¶3; *State v. Swain*, 4th Dist. Washington No. 13CA16, 2015-Ohio-1137, ¶9; *State v. Lucas*, 5th Dist. Guernsey No. 18 CA 10, 2018-Ohio-3227, ¶9; *State v. Feagin*, 6th Dist. Huron No. H-12-014, 2013-Ohio-1837, ¶4; *Cleveland v. Pavlick*, 8th Dist. Cuyahoga No. 91232, 2008-Ohio-6164, ¶4; *State v. Mastrodonato*, 12th Dist. Butler No. CA2018-01-002, 2018-Ohio-4004, ¶4. The Second District has applied this general rule even when the appellant requested a stay that was denied. *See Eleyet* at ¶3.

### *Analysis*

{¶20} In this case, Mr. Troyer pleaded guilty to a first-degree misdemeanor, and the court sentenced him on May 14, 2019 to 120 days in jail along with restitution and court costs. Mr. Troyer's sole assignment of error relates to the trial court's failure to grant him jail-time credit. Although Mr. Troyer filed a motion to stay execution of his jail sentence, the trial court denied it. By our calculation, Mr. Troyer was released from jail on or about September 12, 2019.

{¶21} Given these facts, Mr. Troyer's appeal is moot. First, Mr. Troyer's completion of his jail sentence was not "involuntary" pursuant to *Lewis*. While Mr. Troyer did not "acquiesce in the judgment" or "abandon the right to appellate review," he did not maintain a "substantial stake in *the judgment of conviction*" so that "there is subject matter for the court to decide." (Emphasis added.) *Lewis* at ¶23, quoting *Wilson* at 237 and *In re S.J.K.* at ¶9.

6

{¶22} For example, in *Lewis*, the Supreme Court of Ohio noted that the appellant's "sole assignment of error related to the court's finding of guilt, and the appellate court could have provided redress of his claim that he had been wrongfully convicted, notwithstanding the completion of the sentence." *Id.* at ¶24.

{¶23} By contrast, jail time credit issues concern the length of the sentence, not the underlying conviction. *Field* at ¶4, citing *Feagin* at ¶4. Mr. Troyer's assertion that the trial court erred in determining the length of his sentence is a moot issue because this court cannot grant relief subsequent to the completion of the sentence if the underlying conviction itself is not at issue. *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 WL 1602656, *1 (Dec. 14, 2001). Even if we found Mr. Troyer's assignment of error to have merit, we cannot restore to Mr. Troyer any time that he improperly spent in jail. *See Eleyet* at ¶3; *State v. Nixon*, 11th Dist. Portage Nos. 2019-P-0037 & 2019-P-0039, 2019-Ohio-4322, ¶8 ("Once an offender completes his prison sentence, any alleged error regarding calculation of jail-time credit becomes moot since * * * there is no available remedy to be granted").

{¶24} Second, Mr. Troyer will not suffer "collateral disability or loss of civil rights from such judgment or conviction." *Wilson* at syllabus. A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served. *In re S.J.K.* at ¶10. For example, a person may be subject to further penalties or disabilities under state or federal law even after a judgment has been satisfied. *Id.*

{¶25} Here, Mr. Troyer has fully served the jail sentence imposed for pleading guilty to the misdemeanor offense. Mr. Troyer is not subject to any post-release control

obligations that could subject him to consequences upon violation. *See, e.g., State v. Roberts*, 2d Dist. Champaign No. 2016-CA-8, 2017-Ohio-481, ¶15. Thus, even if we found Mr. Troyer's assignment of error to have merit, there is no ongoing or future penalty from which this court can grant relief. *See Field* at ¶4, citing *Cleveland v. Pavlick*, 8th Dist. Cuyahoga No. 91232, 2008-Ohio-6164, ¶6.

{¶26} While there is no indication in the record that Mr. Troyer has paid his court costs or restitution to the victim, this does not affect the mootness of his appeal. In *State v. Cart*, 11th Dist. Trumbull No. 2008-T-0120, 2009-Ohio-4621, the appellant had already served his jail term but apparently had not paid his fine. *Id.* at ¶9, fn. 2. We determined his sentence had not been completed, and thus, his appeal was not moot. *Id.* However, the appellant in *Cart* sought to discharge his jail sentence, fines, and court costs. *See id.* at ¶9.

{¶27} By contrast, in *State v. Collins*, 7th Dist. Mahoning No. 12 MA 157, 2013-Ohio-5642, the Seventh District found an appeal to be moot even where the appellant had not paid his fine or court costs, since he had completed his jail sentence and his appeal only challenged the length of his jail sentence, not his conviction or his fine. *Id.* at ¶12-15.

{¶28} Here, Mr. Troyer has completed his jail sentence, and his sole assignment of error relates only to the trial court's failure to give him jail-time credit. As in *Collins*, his appeal is moot.

{¶29} Mr. Troyer acknowledges that he "will certainly have been released by the time a decision is reach by this Court," but asserts it was "unavoidable due to the short nature of the sentence in question." When there is insufficient time for a direct appeal to

8

challenge a jail-time credit issue, however, it appears that an appellant's remedy is to file a habeas corpus petition. *See Feagin* at ¶5, citing *Murphy* at ¶5 and *State ex rel. Rudolph v. Horton*, 119 Ohio St.3d 350, 2008-Ohio-4476, ¶3.

### Exception to Mootness

{¶30} Mr. Troyer argues that his appeal is not moot because "this issue is easily capable of repetition in trial courts throughout the jurisdiction of this Court." The Supreme Court of Ohio has recognized an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." *See Murphy* at ¶6, quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) and *Larsen v. State*, 92 Ohio St.3d 69, 70 (2001). This exception applies only in rare situations where "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." (Citations omitted.) *Spencer* at 17.

{¶31} Contrary to Mr. Troyer's assertion, the exception only applies if there is a reasonable expectation that *he* will be subject to the same action, not other appellants. *See Murphy* at ¶6. Further, courts have found that this exception does not apply to claims for jail-time credit because there is no reasonable expectation an offender will be subject to the same action again. *See, e.g., State v. Barnes*, 12th Dist. Warren No. CA2015-01-005, 2015-Ohio-3523, ¶8, citing *Murphy*, at ¶6.

{¶32} Based on the foregoing, Mr. Troyer's appeal is dismissed.


CYNTHIA WESTCOTT RICE, J.,
MATT LYNCH, J.,
concur.

9