[Cite as *State v. Fasline*, 2020-Ohio-7007.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0041** |
| FRANCIS M. FASLINE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2012 CR 0749.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Francis M. Fasline*, pro se, PID: A651-621, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}  Appellant, Francis M. Fasline, appeals from the June 23, 2020 journal entry of the Trumbull County Court of Common Pleas, denying appellant's pro se motion for jail-time credit. The appeal is dismissed as moot, as appellant has completed his prison sentence for the offenses at hand.

{¶2}  Following a jury trial in 2013, appellant was found guilty of Felonious Assault and Tampering with Evidence. The trial court sentenced appellant to an

aggregate prison term of five years. His convictions were affirmed on direct appeal. *State v. Fasline*, 11th Dist. Trumbull No. 2014-T-0004, 2015-Ohio-715.

{¶3} On January 27, 2017, appellant was granted judicial release and placed on community control for five years. After two violations, the trial court imposed the remaining balance of appellant's five-year prison sentence on September 24, 2019. Appellant received jail-time credit for a total of 1,427 days for time he spent in prison prior to judicial release and at NEOCAP during community control sanctions. No appeal was taken.

{¶4} On January 27, 2020, appellant filed a motion for jail-time credit, alleging he was entitled to an additional 153 days for time spent incarcerated in Mahoning County. The motion was denied, and no appeal was taken. On June 19, 2020, appellant filed a subsequent motion for jail-time credit, alleging he was entitled to 104 days of additional credit for time spent incarcerated in the Mahoning County Jail. The motion was denied.

{¶5} On appeal from this entry, appellant raises one assignment of error for our review: "The trial court erred when it abused its discretion when it denied the appellant's motion for jail-time credit pursuant to *Fugate* and *Caccamo*." Appellant contends the trial court erred in denying his request for additional days of jail-time credit.

{¶6} Generally, "once a defendant has served his or her prison sentence and has been released from confinement, any error related to the calculation of jail-time credit is moot." *State v. Troyer*, 11th Dist. Trumbull No. 2019-T-0036, 2019-Ohio-4929, ¶19 (citations omitted); *see also State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572 (where the defendant had been released from confinement, the appeal

2

taken from a judgment dismissing a petition to compel ruling on a motion for jail-time credit was rendered moot). Once prison time has been completely served, we can no longer afford the defendant a meaningful remedy. *State v. Field*, 11th Dist. Geauga No. 2016-G-0066, 2016-Ohio-5885, ¶6, citing *State v. Franklin*, 2d Dist. Montgomery No. 25677, 2013-Ohio-5164, ¶14-15 and *State v. Jirousek*, 11th Dist. Geauga No. 2014-G-3192, 2015-Ohio-949, ¶48 (Cannon, P.J., concurring). Further, "[i]t is reversible error for an appellate court to consider the merits of an appeal that has become moot after the defendant has voluntarily satisfied the sentence." *Troyer*, *supra*, at ¶18, citing *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, ¶18, citing *State v. Berndt*, 29 Ohio St.3d 3, 4 (1987).

{¶7} It appears that, subsequent to filing his notice of appeal and appellate brief, appellant completed his prison sentence for the offenses at hand and was released from confinement on October 15, 2020. Once released, any error related to the calculation of appellant's jail-time credit was rendered moot as we can no longer afford appellant a meaningful remedy. Appellant failed to respond to this court's order to show cause as to why this appeal should not be dismissed as moot.

{¶8} The appeal is hereby dismissed for lack of jurisdiction, sua sponte, as the sole issue on appeal is moot.


THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.

3